**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
At Greenbelt

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MINH VU HOANG | ) | Case No. 05-21078-TJC |
| | ) | |
| THANH HOANG | ) | Case No. 05-25738-TJC |
| | ) | Jointly Administered Under |
| Debtors | ) | No. 05-21078-TJC |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VAN T. VU | ) | Case No. 05-26521-TJC |
| | ) | (Chapter 11) |
| Debtor | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HAO QUANG VU | ) | Case No. 05-26765-TJC |
| | ) | (Chapter 11) |
| Debtor | ) | |

**MOTION TO DISMISS MOTION FOR SUBSTANTIVE CONSOLIDATION**
**FOR FAILURE TO PROPERLY STATE A CLAIM**
**UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE,**
**MOTION TO RECONSIDER AND FOR A MORE DEFINITE STATEMENT**

Van T. Vu, Debtor herein (hereinafter referred to as "Ms. Vu" to distinguish from other Debtors whose cases are included in the caption), by and through counsel, moves this Honorable Court to dismiss the motion (hereinafter, the "Motion") of Gary A. Rosen, Trustee (the "Trustee"), to substantively consolidate the case of Van T. Vu with that of Minh Vu Hoang, Thanh Hoang, and Hao Q. Vu. In the alternative, Ms. Vu requests the Court to order the Trustee to articulate his legal basis for the Motion.

1.       Ms. Vu's bankruptcy case began with the filing of her voluntary Chapter 11 petition on July 22, 2005. It was preceded by the filing of bankruptcy petitions by Minh Vu Hoang (May 10, 2005) and Thanh Hoang (July 12, 2005) and followed by the filing of Hao Q. Vu's bankruptcy (July 26, 2005).

2.       On March 31, 2006, Ms. Vu filed her Chapter 11 plan, proposing 100% payment to all allowed claims. A hearing on the disclosure statement has been scheduled, albeit not until December 22, 2006.

3.       On August 18, 2006, the Trustee filed his motion to substantively consolidate Ms. Vu's

case with those of the other Debtors shown above.[1]

4.        If the Trustee's motion were granted, presumably all of Ms. Vu's assets, whenever and however acquired, would be marshaled to help pay debts of all of the Debtors.  The Internal Revenue Service has filed claims in the Minh Vu Hoang and Thanh Hoang cases for $34,894,222.13 and $35,257,440.11, respectively.[2]  On information and belief, the assets of Minh Vu Hoang and Thanh Hoang will not come close to paying the alleged[3] Internal Revenue claims, particularly after the administrative claims of the Minh Vu Hoang and Thanh Hoang cases have been paid.[4]

5.        While the Trustee has objected to at least 11 other claims in the Minh Vu Hoang case, he has not objected to the claims of Internal Revenue Service, despite that they are based solely on estimates of liability.

6.        Substantive consolidation of Ms. Vu's case with those of Minh Vu Hoang and Thanh Hoang would divest Ms. Vu of her assets and leave her virtually penniless, in order to pay claims primarily of the Internal Revenue Service solely against her sister and brother-in-law.[5]  It would most likely leave Ms. Vu's creditors unpaid, as her assets would be diverted to pay priority claims in the Hoang cases.

7.        By contrast, Ms. Vu's proposed Chapter 11 plan, if confirmed by this Court, would pay

---

[1]If it were to be granted, the Trustee's motion raises the interesting procedural question of how Ms. Vu's case would be substantively consolidated with cases of both Minh Vu Hoang and Thanh Hoang, which to this point have been only administratively consolidated with one another.

[2]The only difference between the two claims appears to be attributable to additional interest that accrued pre-petition in the case of Thanh Hoang, whose bankruptcy was filed subsequent to that of Minh Vu Hoang.

[3]"Alleged," because the claims are based on estimates prepared by the Internal Revenue Service, rather than on actual returns, which apparently have not yet been filed by Minh Vu Hoang and Thanh Hoang.

[4]Administrative expenses incurred by the Trustee to date have exceeded $900,000.00, or roughly one-third of the entire Minh Vu Hoang/Thanh Hoang estates collected, with no end in sight.

[5]IRS has filed no claims against Van Vu and the time for doing so in her case has expired.  Ms. Vu has filed all required federal and state tax returns through 2004 (2005 is on extension through October 15, 2006) and has made estimated tax payments for 2005 sufficient to pay her estimated liability for 2005.

allowed claims in full, let her remain in her home and in possession of modest additional investments, *all without using the "Pacific Rim" assets whose ownership has been questioned by the Trustee.*

## THE PARAMETERS OF SUBSTANTIVE CONSOLIDATION

8.      The Bankruptcy Code explicitly provides for substantive consolidation of cases in only two situations -- that of a husband and wife who have filed separate cases (Section 302(b)), and permissively as one element of a Chapter 11 plan (Section 1123(a)(5)(C)). *In re Bonham*, 226 B.R. 56 (Bankr. D. Alas. 1998).

9.      Consolidation in any setting other than the two identified above is a judicially-crafted equitable remedy with no explicit statutory authority. *In re Permaco*, 242 B.R. 313 (E.D. Va. 2000) *rev'd on other grounds* 243 F.3d 530 (4th Cir. 2001); *In re Owens Corning*, 419 F.3d 195, 209 (3rd Cir. 2005), *cert. den.* 2006 U.S. LEXIS 3492 (2006).

10.     As a result, the standards employed in determining whether or not to grant substantive consolidation differ from court to court.  The courts have not developed a clear legal standard governing when the doctrine is to be applied.  *2 Collier on Bankruptcy*, ¶ 105.09[1][b] (15th ed. rev.)

11.     "[S]ubstantive consolidation (like veil-piercing) boils down to the issue of when the court should exercise its equitable power to disregard the <u>corporate</u> fiction because the corporations involved effectively disregarded it themselves."  Seth D. Amera & Alan Kolod, *Substantive Consolidation: Getting Back to Basics*, 14 AM.BANKR.INST.L.REV. 1, 12 (Spring 2006)[hereinafter cited as Amera & Kolod]. [emphasis added]

12.     Undersigned counsel has been unable to find any reported cases in which the bankruptcy cases of natural persons who were not married to one another were consolidated.

13.     The Trustee's Motion, the substance of which runs 34 pages, has but a single legal citation, to the case of *Chemical Bank New York Trust Company Co. v. Kheel*, 369 F.2d 845 (2nd Cir. 1966), which is cited to support the Trustee's assertion that inter-relationships between the debtors ". . . are so hopelessly obscured and the time and expense necessary even to attempt to unscramble them (is) so

substantial as to threaten the realization of any net assets for all the creditors (herein)."

14.     Rule 9013-2 of the Local Rules of this Court states as follows:

> A party must file with each motion a brief memorandum of fact and law entitling the movant to the relief claimed or a statement that no memorandum will be filed and that the movant will rely solely upon the motion.

15.     No memorandum of law was filed with the Trustee's Motion, nor was there included with the Motion a statement that the Trustee would rely solely upon the motion.

## CONVERSION TO CHAPTER 7

16.     In seeking substantive consolidation of Ms. Vu's case with those of Minh Vu Hoang and Thanh Hoang,which are now pending in Chapter 7, the Trustee has also implicitly and explicitly moved to convert Ms. Vu's Chapter 11 case to Chapter 7.

17.     Although the standards for converting a Chapter 11 case to Chapter 7 are well-known and identified by the Bankruptcy Code, the Trustee has not referred to those standards in his Motion.

18.     Section 1112 of the Bankruptcy Code as applicable to this case[6] provides for conversion of a Chapter 11 case to Chapter 7 for cause, including

(1)     continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2)     inability to effectuate a plan;

(3)     unreasonable delay by the debtor that is prejudicial to creditors;

(4)     failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5)     denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of the plan;

(6)     revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7)     inability to effectuate substantial consummation of a confirmed plan;

---

[6]Because governed by law effective prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

(8)     material default by the debtor with respect to a confirmed plan;

(9)     termination of a plan by reason of the occurrence of a condition specified in the plan; or

(10)    nonpayment of any fees or charges required under Chapter 123 of title 28.

19.     While it is impractical to review each of the 116 numbered paragraphs in the Trustee's Motion against the above list of grounds for conversion of a Chapter 11 case to Chapter 7, the Trustee has provided a convenient summary of his position in Paragraphs 9 through 17 of his Motion, which may be abbreviated as follows:

¶9.  The Debtors have been engaged for may years in a family enterprise managed and controlled by Minh Vu Hoang.  The family enterprise involves the purchase of real property in distress circumstances and the subsequent resale of the same at a profit.  The Debtors have been active in said business for more than a decade and during that time have purchased and sold over one thousand parcels of real property located in Maryland, Virginia and the District of Columbia.

¶10.  Although all the purchases and sales of properties by the Debtors as aforesaid have been directed and controlled by Minh Vu Hoang, those transactions have been undertaken in the names of each and all of the Debtors and numerous alter-egos [listed].

¶11.  Although the Debtors have caused their hundreds of acquisitions and dispositions of real property to be made in the names of, *inter alia*, all those disparate persons and entities noted aforesaid, they have ignored the necessary corporate and other business entity formalities in the operation of those putative corporations, partnerships and limited liability companies.  In fact, the inter-relationships of those persons and entities " . . . are hopelessly obscured and the time and expense necessary even to attempt to unscramble them (is) so substantial as to threaten the realization of any net assets for all the creditors (herein)".  See *Chemical Bank New York Trust Co. v. Kheel*, 369 F.2d 845, 847 (2nd Cir., 1966).

¶12.  As the Court will recall, your Trustee herein heretofore has obtained authority from this Court for the employment of Marion Hecht Clay and UHY Advisors, FLVS, Inc. for the purpose of provision of forensic accounting services to the Estate.  To date, that investigation has proceeded for some six months at a cost to the Estates in excess of several hundreds of thousands of dollars.  In addition, your Trustee and his counsel have been deeply involved in that same investigation of the affairs of the Debtors at additional expense to the Estate.

¶13.  During the course of those investigations, the Trustee, his attorneys and accountants have examined thousands of transactions involving scores of the hundreds of real property acquisitions and dispositions above-described.  While the investigations of the Trustee, his counsel and accountants are far from complete, the same have established an unvarying patter of complete disregard by all of the above-named Debtors and entities for the maintenance of separate record keeping, finances, *etc.*

¶14.  While the presentation to the Court in this *Motion* of all the findings and results of the

-5-

Trustee's counsel and accountants is impracticable due to the sheer volume of the same, your Trustee has chosen two limited examples of the conduct of the Debtors to illustrate for the Court the byzantine machinations employed by the Debtors to confuse and obscure their affairs.

¶15.  The first of these examples tracks the acquisition by Pacific Rim General Partnership (an entity purported to be owned solely by the Debtors Van T. Vu and Hao Vu) of that certain real property located at 6405 Woodburn Avenue, Elkridge, Maryland including a careful examination of all those funds utilized by Pacific Rim to finance that purchase.  The review of the Woodburn property transactions continues with an examination of the ultimate sale and disposition of Woodburn in which the Debtors diverted the proceeds received as a result of said sale to another of their entities with the assistance of their non-debtor brother, Hung Q. Vu, of El Paso, Texas.

¶16.  The second illustrative example presented herein notes the establishment by the Debtor Van T. Vu, on the very eve of the filing of her Voluntary Petition under Chapter 11 of the Bankruptcy Code, of Madison Plus, LLC ("Madison Plus"), a Maryland limited liability company.  The discussion of Madison Plus continues with evidence of the Debtors establishment of a bank account for Madison Plus at SunTrust Bank and the movement through that account over a period of eight months of more than $1,000,000.00 derived from the sale of various parcels of real property owned by numerous of the Debtors and their entities, as well as the ultimate use of those funds for the purchase of other parcels of real property in the names of others of the Debtors and their entities and related individuals. [footnote omitted]

¶17.  Your Trustee hastens to caution that the illustrative examples presented herein reflect only the extraordinarily complex and perfidious activities of the Debtors related to but a single parcel of real property and a single bank account.  Based upon the Trustee's review of thousands of other transactions of the Debtors, your Trustee believes and strenuously urges the Court that the Woodburn Avenue and Madison Plus examples are symptomatic of the Debtors' overall patterns of behaviors.  As such, the inextricably intertwined affairs of all the Debtors are accurately portrayed by the illustrative examples herein and serve to buttress the Trustee's conclusion that justice for all parties in interest herein may be served only by the substantive consolidation of the Estates of Minh Vu Hoang, Thanh Hoang, Van T. Vu and Hao Q. Vu. [footnote omitted]

## STANDARD FOR MOTION TO DISMISS

20.    In determining the appropriate standard to apply to this motion, the Court must first determine how the Trustee's Motion should be characterized.  Because substantive consolidation is not a creature of statute, there are no rules specifically governing its process.

21.    As noted by this Court at the status conference on this case on August 22, 2006, the substantive consolidation relief requested by the Trustee is in the nature of equitable relief.

22.    Rule 7001 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") includes among

-6-

adversary proceedings "(7) a proceeding to obtain an injunction or other equitable relief . . ."  Although styled as a motion, the Trustee's request for relief should therefore follow Part VII of the F.R.B.P.

23.     F.R.B.P. Rule 7012 invokes Rule 12(b)-(h) of the Federal Rules of Civil Procedure ("F.R.Civ.P."), which in turn provides the basis for relief that Ms. Vu requests in this motion.

24.     A 12(b)(6) motion to dismiss tests the legal sufficiency of the claims made therein. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  In order to do that, it accepts as true the facts alleged and tests them to see if they satisfy the legal standard for the relief prayed.

25.     The Court has set a compressed schedule for the progress of this case, with trial scheduled to begin November 27, 2006, barely three months after the filing of the Trustee's Motion.

26.     Under the terms of that schedule, the Trustee is not required to file his legal brief until November 3, 2006.


## ARGUMENT AND AUTHORITY

I.     <u>There is in fact no single legal standard for substantive consolidation.</u>

At the status conference on this matter August 22, 2006, the Trustee suggested to the Court that he need not articulate the legal standard for substantive consolidation because it was well-known.

Ms. Vu respectfully disagrees.  There are various standards that have been applied by different courts, ranging from the Supreme Court[7] to various Circuit Courts of Appeal[8].  None of those cases deal with the consolidation of bankruptcy cases of natural persons who are not spouses.

If it were true that the law to be applied in this case was clear, surely the Trustee would have found room in his Motion among 34 pages and 116 numbered paragraphs for more than a passing reference to

---

[7]*Sampsell v. Imperial Paper & Color Corp.*, 313 U.S. 215 (1941).

[8]*See, e.g., Stone v. Eacho (In re Tip Top Tailors, Inc.)*, 127 F.2d 284 (4th Cir. 1942); *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*, 810 F.2d 270 (D.C. Cir. 1987); *Union Sav. Bank v. Augie/Restivo Baking Co. (In re Augie/Restivo Baking Co.*, 860 F.2d 515 (2nd Cir. 1988); *In re Owens Corning*, 419 F3d 195 (3rd Cir. 2005).

a proposition that, as discussed below, may well not support the inference for which the Trustee has cited it.

To properly defend herself against the relief requested by the Trustee, Ms. Vu should be informed not only of the facts that the Trustee intends to prove, but also the law on which the Trustee intends to rely.

If the Trustee is aware of law supporting the substantive consolidation of the bankruptcy cases of unmarried natural persons, he should present it, so that Ms. Vu will have an adequate opportunity in the course of her defense to address it, rather than being ambushed by the Trustee. Alternatively, if the Trustee argues for an extension of existing law, he should so state and cite the legal basis for such an extension.

Substantive consolidation is a highly fact-intensive inquiry. The facts must be viewed within a legal framework in order that their significance may be judged. Otherwise, the Debtor may be unable to adduce during discovery additional facts that, within the framework on which the Trustee intends to proceed, would alter the outcome of the case.

II.    The only law cited in the Trustee's entire motion, *Chemical Bank New York Trust Co. v. Kheel*, does not establish "hopeless entanglement" as an independent ground for substantive consolidation.

*Kheel* involved an effort to consolidate various shipping companies under common ownership or control. The *Kheel* court found authority to approve substantive consolidation of the corporations in *Stone v. Eacho*, 127 F.2d 284 (4th Cir.), *reh. den.*, 128 F.2d 16, *cert. den.* 317 U.S. 635 (1942) and *Soviero, Trustee v. Franklin National Bank of Long Island*, 328 F.2d 446 (2nd Cir. 1964).

*Stone* involved the consolidation of an involuntary bankruptcy case of a Virginia corporation brought by the receiver of the parent corporation which was also in bankruptcy. The *Stone* court found the subsidiary corporation " . . . has in reality no separate existence, is not adequately capitalized and constitutes a mere instrumentality of the parent corporation . . ." 127 F.2d at 288.

In *Soviero*, the Second Circuit approved of substantive consolidation in the case of a single business conducted through affiliated corporations. The *Soviero* court endorsed the finding of the referee in bankruptcy that the various entities were but " . . . instrumentalities of the bankrupt with no separate

-8-

existence of their own." *Soviero*, 328 F.2d at 448.

To the basis established by *Soviero* for substantive consolidation, the *Kheel* court added the factor of "hopeless entanglement."  Concurring Judge Friendly expressed his reservations, however:

> I cannot agree that a practice of handling the business of a group of corporations so as to impede or even prevent completely accurate ascertainment of their respective assets and liabilities in their subsequent bankruptcy justifies failure to make every reasonable endeavor to reach the best possible approximation in order to do justice to a creditor who had relied on the credit of one -- especially to a creditor who was ignorant of the loose manner in which corporate affairs were being conducted.  Equality among creditors who have lawfully bargained for different treatment is not equity but its opposite, and the argument for equality has a specially hollow ring when made by the United States whose priority over other creditors will necessarily be enhanced by having the assets of all these corporations thrown into the hotchpot.

*Kheel*, 369 F.2d at 848.

One recent analysis questions "hopeless entanglement" as an independent basis for substantive consolidation:

> It is critical to understand, however, that the "hopeless entanglement" aspect of substantive consolidation doctrine was not propounded as a second or alternative ground for obtaining relief, but was simply an additional factor the court considered in finding consolidation appropriate.  It seems rather apparent that the *Kheel* majority's discussion of hopeless financial entanglement was included to justify its decision to consolidate, despite the possibility that there was a creditor that had relied on debtor separateness.  The opinion does not state that hopeless entanglement is required under all circumstances, nor does it make any comment on the relevance of "non-hopeless" financial entanglement to the determination of a substantial identity between corporate debtors.  <u>Far from making 'hopeless entanglement' the sole ground for consolidation, the opinion does not even make it a ground."</u>  [emphasis added; internal citations omitted].

*Amera & Kolod*, *supra*, at 15-16.

III.    <u>There is no law cited, or found, supporting the proposition that two or more unmarried natural persons may be substantively consolidated into a single case.</u>

Substantive consolidation is a remedy aimed at <u>corporate</u> disregard of separateness.  *In re Owens Corning*, *supra*, note 8.  There is no known law supporting substantive consolidation in the case of natural persons who are not married to one another.

If the Trustee believes that there is support for his position in existing case law, he should be required to identify that law, immediately, so that Ms. Vu may properly prepare her case in the very short

time that the Court has allotted.  Among other things, understanding the Trustee's theory of law may have a substantial impact on the defenses that Ms. Vu musters as well as on the scope and nature of the discovery that she seeks in support of her position.

Considering that the Trustee is requesting "equitable" relief, it is entirely <u>inequitable</u> to allow the Trustee to defer until November 3, less than one month before the start of trial, his theory of the basis on which he intends to proceed.

Ms. Vu acknowledges that the Court has already implicitly endorsed the Trustee's view, that the law of substantive consolidation is patent, by allowing the Trustee until November 3 (less than a month before trial) to file his legal memo in this case.

Ms. Vu respectfully requests the Court to reconsider its prior position.

The stakes for Ms. Vu <u>and her creditors</u> are enormous.  If the Trustee prevails on his motion, she could be left essentially penniless and her creditors are unlikely to share in whatever the Trustee collects, unless the Trustee whittles down the claim of IRS to a proper dimension.

If Ms. Vu prevails, and her plan is confirmed, allowed claims in her case may be paid in full <u>without invading the Pacific Rim assets whose ownership the Trustee has challenged.</u>

IV.    <u>The appropriate remedy for the Trustee's failure to articulate the legal standard under which he is proceeding is to dismiss his motion.</u>

In such a setting, where the legal standard is not explicit, the allegations made by the Trustee must inherently fail, as they cannot satisfy a standard that has not been defined.

Without a clear articulation of the standard that the Trustee urges on the Court, it is impossible for Ms. Vu to properly respond to the Trustee's motion or to frame a proper defense.

V.    <u>The facts pleaded by the Trustee do not satisfy any of the tests established by the Bankruptcy Code for conversion to Chapter 7.</u>

The Trustee's motion for substantive consolidation asks the Court not only to subject Ms. Vu to liability for debts of Minh Vu Hoang and Thanh Hoang, but also to convert her case to one under Chapter

7.

By conflating those two separate requests, the Trustee avoids discussing the standards set by the Bankruptcy Code for conversion to Chapter 7. While recognizing that the Code's list of factors to be considered by the Court in ruling on conversion of a case is not exclusive, Ms. Vu submits that the facts pleaded by the Trustee, *even if accepted as true*, do not satisfy <u>any</u> of the standards articulated by the Code. In no way has the Trustee shown that conversion of Ms. Vu's case to Chapter 7 is in the best interest of her creditors and her estate. Rather, the Trustee has suggested that the consolidated estate will itself be unable to pay in full the priority claim of I.R.S. against Ms. Hoang, leaving <u>no</u> assets to satisfy the claims of any non-priority creditors, including those of Ms. Vu.

VI.    <u>There are meritorius explanations of the allegations made in the Trustee's Motion.</u>

Lest the Court conclude that this motion is interposed to delay answering the Trustee's allegations, Ms. Vu notes that she has already addressed the "Madison Plus" allegations in her response to the United States Trustee's motion to convert her case to Chapter 7. Ms. Vu also has a meritorius explanation of the "illustrative example" made by the Trustee of the transaction involving the property at 6405 Woodburn Avenue, Elkridge, Maryland.

ALTERNATIVE REQUEST FOR RELIEF

As an alternative to dismissing the Trustee's Motion, Ms. Vu requests the Court to require the Trustee to promptly provide a memorandum of authorities under which he is proceeding, well prior to the November 3, 2006 date now set by the Court for doing so.

Ms. Vu is mindful that, by endorsing the Trustee's view that the law of substantive consolidation is clear, the Court has already addressed this issue. Without wanting to try the patience of the Court, Ms. Vu respectfully requests the Court to reconsider its prior position. For the reasons set forth in this motion, Ms. Vu believes that it will be highly prejudicial to her position to engage in discovery first, then tailor that to fit whatever legal theory the Trustee articulates on November 3. Particularly because the timing of the

-11-

Trustee's Motion is so compressed, Ms. Vu urges the Court that if it declines her request to dismiss the Trustee's Motion, it should alternatively at a minimum require the Trustee to promptly file a memorandum of authority on which he intends to rely.

Requiring the Trustee to do so should pose no hardship. The Trustee has been advising the Court since at least May of this year that he intended to bring a motion for consolidation, so he has had ample time to prepare the issue.

## POINTS AND AUTHORITIES

No separate memorandum of points and authorities is appended hereto. Movant intends to rely on the contents and authorities cited in this motion and the record of the instant proceeding.

## CONCLUSION

To defend the Trustee's Motion, Ms. Vu must be fairly apprised of the legal basis on which the Trustee is proceeding or be denied the process that is due her. In the 34 pages of the Trustee's Motion, he has utterly failed to articulate the standard for substantive consolidation under which he intends to proceed. The Trustee's Motion likewise fails to satisfy the legal standards for conversion of Ms. Vu's case to Chapter 7. The Court should dismiss the Trustee's Motion or, in the alternative and at a minimum, require him to presently submit a statement of the authority under which he is proceeding. That is the least that should be required in a case in which, by the Trustee's own admission, he seeks an extraordinary remedy.

Dated:  September 18, 2006                     Respectfully submitted,

                                               _/s/ David E. Lynn_____
                                               David E. Lynn #08779
                                               15245 Shady Grove Road, Suite 465 North
                                               Rockville, MD  20850
                                               (301) 255-0100

-12-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on   September 18, 2006  , the foregoing was filed electronically, causing service upon all those requesting electronic notices in this case.

 */s/ David E. Lynn*
David E. Lynn