IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| MINH VU HOANG | | Bankruptcy No. 05-21078-NVA |
| THANH HOANG | * | Bankruptcy No. 05-25738-NVA |
| Debtors | | (Chapter 7) |
| | * | |
| | | Jointly Administered Under |
| | * | Bankruptcy No. 05-21078-NVA |

\* \* \*

**FOURTH APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION FOR COUNSEL TO TRUSTEE**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Roger Schlossberg and the law firm of Schlossberg & Associates, and in support of their *Fourth Application for Allowance and Payment of Compensation for Counsel to Trustee*, hereby respectfully state the following:

**BACKGROUND OF PROCEEDINGS**

1. On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered. By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

2. On July 12, 2005, the Debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code

3. By Order entered August 31, 2005 in the Minh Case, Gary A. Rosen was appointed

Chapter 11 Trustee therein. By further Order entered August 31, 2005, Gary A. Rosen was appointed Chapter 7 Trustee therein.

4. By Order entered September 23, 2005 in the Thanh Case, Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered Order entered September 28, 2005 in both of the above cases, this Court ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

6. Your Trustee filed his Application for authority to employ Roger Schlossberg, Esquire and Schlossberg & Associates as co-counsel to the Trustee on or about September 13, 2005; contemporaneous with said date, legal services were commenced to be provided by the undersigned counsel to the Trustee herein. On September 22, 2005, this Court entered its Order authorizing the employment of counsel as sought in said Application.

7. The names of those professionals and paraprofessionals on whose behalf compensation is sought in this Application are as follows:

| Name | Title | Hourly Rate | Hours | Amount Billed |
| --- | --- | --- | --- | --- |
| Roger Schlossberg, Esq. | Attorney | $380.00<br>$390.00[1] | 1,494.24<br>428.95 | $567,810.85<br>$167,290.50 |
| Duane Demers | Associate | $175.00 | 32.5 | $5,687.50 |
| Jacqueline Hemphill | Paraprofessional | $85.00 | 120.34 | $10,228.90 |
| Joanna Kemmerer | Paraprofessional | $80.00<br>$110.00 | .65<br>.70 | $52.00<br>$77.00 |

In connection with his professional practice, your Applicant charges non-bankruptcy estate clients for similar services between $225.00 and $400.00 per hour for attorney's services and $85.00 to $125.00 per hour for the services of paraprofessionals and law clerks. Acting pursuant

---

[1] Effective September 1, 2006, the hourly billing rate of Roger Schlossberg, Esquire was adjusted to $380.00 per hour. Effective January 1, 2008, said hourly billing rate was adjusted to $390.00 per hour.

to the aforesaid retainer, the undersigned counsel have acted vigorously to represent the Trustee and the Estate and to protect the interests of all creditors herein, and to require full compliance by the Debtors with the letter and spirit of the Bankruptcy Code and Rules.

8. By prior Orders of this Court entered on February 6, 2006, June 8, 2006, October 17, 2006 and October 31, 2006, the *First, Second* and *Third Applications* of the undersigned counsel for the Trustee were approved in the aggregate amount of $355,573.00.

9. As is more particularly detailed in the daily billing entries (collectively, the "Fee Statement") of your Applicant, the efforts of counsel herein in support of the Trustee have been directed towards: (a) the maximization of the value of the Debtors' substantial real estate holdings; (b) the continuing investigation of the Debtors' actions in respect of those properties; and (c) the maintenance of control over the activities of the Debtors herein which sought to obstruct and impede the discharge by the Trustee of his duties herein. Further, during the reporting period covered by this *Fourth Application*, the efforts of counsel have been focused to an increasing decree on litigation seeking to impose such constructive trusts upon various real and personal property transferred by the Debtors out of the ambit and control of the Trustee.

10. As has been detailed in the numerous matters brought before the Court over the history of the instant case, the Trustee's efforts initially were directed towards management and liquidation of those real estate assets which were maintained in the name of the Debtors Minh Vu Hoang and Thanh Hoang or in those entities patently controlled by them. Contemporaneous with the management and liquidation of those assets, the Trustee was engaged also in a substantial investigation seeking to unearth additional assets of those Debtors which surreptitiously were maintained in the names of other individuals and entities.

11. As the Court is familiar from the numerous complex adversary proceedings

previously filed and pending herein, your Trustee, acting in concert with his counsel and forensic accountant, has expanded his investigation to include a comprehensive review of all of those scores of transactions by which the Debtors have transferred from the Trustee's control substantial real and personal property. As a result of that investigation, your Trustee, acting through his counsel, has initiated and prosecuted numerous complaints seeking declaratory and related relief imposing constructive trusts upon such transferred property. To date those efforts have been extraordinarily successful and have resulted in the Estates herein being swelled by millions of dollars.

12. As hereinafter noted in substantial detail, the Trustee and his undersigned counsel have acted diligently and aggressively to pursue all available causes of action against the Debtors and to effect a result which ultimately will inure to the benefit of all of the creditors of the Estates of the Debtors herein.

13. In addition to the legal services unique to the instant case as aforesaid, the undersigned counsel has provided to the Trustee that legal advice and those services routinely provided in the administration of Chapter 7 cases, including advice and services related to: general administration of Chapter 7 cases; the Trustee's duties with respect to the Debtors, creditors and property of the Estate; the discharge by the Debtors of the Debtors' duties with regard to the Trustee and property of the Estate; preparation of those various applications, pleadings and proposed orders required in the administration of the Chapter 7 Estate; *etc.*

14. In presenting the attached Fee Statement[2], your Applicant has organized the legal

---

[2] The Fee Statement of your Application is attached hereto and incorporated herein as "Exhibit 1". Said Fee Statement as filed herein has been redacted to obscure all references to confidential information and ongoing investigations of the Trustee, his counsel and his forensic accountants.

services above-described into the following broad general categories:[3]

**General Administration**.  The services described in this section relate to the legal services provided to the Trustee and Estate concerning matters of general bankruptcy law or practice such as are not infrequently confronted by Trustees and their counsel in routine bankruptcy estates.  Specific areas of attention detailed therein include: compliance with the Bankruptcy Code and Bankruptcy Rules related to the discharge of the Trustee's duties; arranging and obtaining authority for the conduct of sale of the Debtor's assets (other than the sale of real property assets which are described in *Real Estate Issues*; assistance in the preparation of the Trustee for the requisite meetings of creditors; employment of professional persons; communications with the U.S. Trustee regarding compliance with U.S. Trustee guidelines and requirements, *etc.*.  The services described in this section total some 122.45 hours for a total of attorney's fees earned therein in the amount of $46,894.00.

**Stay Litigation**.  The services described in this section relate to the Trustee's actions in defense of proceedings seeking relief from the automatic stay imposed by 11 U.S.C. §362.  Those legal services described in this section are in the aggregate amount of 12.85 hours with compensation requested therefor in the amount of $4,933.00.

**Real Estate Issues**.  The services described in this section relate to the Trustee's efforts to liquidate the significant real estate holdings of the Debtors herein.  Said efforts necessarily include substantial time expended in the examination of title and with regard to the investigation

---

[3] As likely is self-evident to the Court, the division of the services of counsel into such categories is less than an exact science.  In practice, many of the services of counsel overlap between reported categories; as such, the undersigned counsel acknowledges that his choice of categories for any particular item may be subject to legitimate questions by parties-in-interest.  Nonetheless, the undersigned counsel affirmatively represents that the following categorization represents his best effort so to divide and allocate his services.

of the *bona fides* of numerous liens and encumbrances upon the various properties of the Debtors. Said efforts also include substantial energies devoted to unraveling the complex web of entities holding record title to many of the Debtors' properties. In addition, those efforts described in this section include also the actions of counsel to facilitate the sale of such property including preparation of appropriate *Notices* and *Orders*, as well as the litigation of all objections filed with respect to those sales. Those legal services described in this section are in the aggregate amount of 321.50 hours with compensation earned in the amount of $89,965.75.

**Avoidance Litigation**. The services described in this section relate to efforts undertaken by the Trustee with regard to the investigation and prosecution of actions to avoid fraudulent conveyances, preferential transfers, *etc*. To date, the efforts of the undersigned counsel with respect to such matters are in the aggregate amount of 37.5 hours with compensation earned in the amount of $14,406.50.

**Constructive Trust Litigation**. The services described in this section relate to your Trustee's efforts to impose constructive trusts upon that real and personal property which the Trustee's investigation has revealed was transferred from ownership beneficial to the Estate to that of various individuals and entities related to the Debtors. To date, those legal services described therein include 901.60 hours with compensation sought therefor in the amount of $335,207.50.

**Other Litigation**. The services described in this section relate to all other litigation instituted by the Trustee or as to which the Trustee has been required to defend in this Court or in state courts of appropriate jurisdiction, including, most recently, matters relating to claims and litigation with Messrs. Tsianakas and Laios. To date, those legal services described in this section have been in the aggregate amount of 221.60 hours with earned compensation in the

amount of $84,675.00.

**IRS Issues**.  The services described in this section relate to the efforts of the Trustee to forge a cooperative relationship with the Internal Revenue Service in respect of those numerous records seized by the IRS in connection with its ongoing criminal and civil investigations of the Debtors.  Those legal services described in this section are in the aggregate amount of 10.80 hours with compensation requested in consequence thereof in the amount of $4,149.50.

**Debtor Conduct Issues**.  The services described in this section relate to the actions required of the Trustee resulting from the conduct of the Debtors in these bankruptcy proceedings.   Many of the services described in this section overlap with other services reported herein including, most conspicuously those reported under *IRS Issues* and *Forensic Accounting Issues*.  The services described in this section aggregate 13.45 hours to date with earned compensation requested therefor in the amount of $5,187.50.

**Appellate Matters** - The services described in this section relate to those appellate proceedings formerly pending in the Maryland Court of Special Appeals and arising out of the entry of judgment against the Debtors by the Circuit Court for Montgomery County in the amount of $1.8 million dollars in favor of Hewitt Avenue Associates, LLC.   The limited services described in this section are in the amount of .75 with requested compensation in the amount of $285.00.

**Consolidation Issues**.  The services described in this section relate to the actions of the Trustee concerning his efforts to effect a substantive consolidation of the Debtors' cases with one another as well as with the separate cases of Van T. Vu and Hao Quang Vu.  As the Court will recall, those efforts of the Trustee culminated with that successful settlement by which substantially all of the assets of the said Van T. Vu and Hao Q. Vu were assigned unto the

Trustee for administration together with the assets of the Debtors herein. The services described in this section aggregate 187.60 hours to date with compensation requested in the amount of $71,288.00.

**Forensic Accounting Issues**. The services described in this section relate to the Trustee's efforts to undertake a comprehensive forensic investigation of the Debtors' tangled financial affairs, including an exhaustive analysis of all transactions by and among the Debtors and all of their related entities and other insiders, as well as tracing the proceeds of all real estate transactions in which the Debtors were involved. As the Court's docket will reveal, Marion Hecht and the firm of UHY Advisors FLVS, Inc., the Trustee's court-appointed forensic accountants, as well as the undersigned counsel, have devoted substantial time to said investigation; which said investigation has resulted in substantial benefit to the Estates. Those services described in this section aggregate 247.80 hours to date with compensation requested in the amount of $94,155.00.

## "*BERNARD HILL*" ANALYSIS

In his decision in *In re Bernard Hill, Inc.*, 133 BR 61 (Bk. Ct., Md., 1991), Judge Schneider of this Court established those ten "Cardinal Rules" applicable to consideration of fee applications of professionals. In considering the application of those Cardinal Rules herein, your Applicant respectfully submits as follows:

### The Cardinal Rules

**Cardinal Rule No. 1 (Fee applications must make sense).**

Paramount in importance among the Cardinal Rules enunciated in *Bernard Hill* is the prescription that fee applications must meet some minimum standards of common sense. Organized as detailed in the attached Fee Statement, your Applicant submits that his fee

Application herein complies with Cardinal Rule No. 1.

**Cardinal Rule No. 2 (Fee applications must indicate what work was performed, when it was performed and how much money is being charged for performing it).**

Upon review of the foregoing narrative and the attached Fee Statement, your Applicant submits that the requirements of Cardinal Rule No. 2 have been satisfied by your Applicant.

**Cardinal Rule No. 3 (Services rendered should be reported in several broad general categories).**

As noted above, the broad general categories within which services have been reported by your Applicant are consistent with the prescriptive direction of Cardinal Rule No. 3.

**Cardinal Rule No. 4 (Fee applications must contain a "lode-star" analysis).**

Application of a lode-star analysis to the instant case requires consideration of the dodecapartite criteria set forth in the seminal case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d, 714 (Ct. App., 5th Cir. 1974); which said criteria have been expressly adopted in this Circuit.  *See Anderson v. Morris*, 658 F.2d 246 (Ct. App., 4th Cir. 1981); *Harman v. Levin*, 772 F.2d 1150 (Ct. App., 4th Cir. 1985).

Application of the twelve *Johnson* factors to the instant Application yields the following:

Johnson Factor No. 1:  ("The time and labor required").  As a review of the Application and attached Fee Statement will reveal, the same are notable for their lack of inclusion of efforts expended in areas of little utility or futile effort.  As such, all of the entries included therein reflect time and labor reasonably required to be expended in pursuit of the goals of the Trustee and the Estate herein.

Johnson Factor No. 2:  ("The novelty and difficulty of the questions").  In representing the Trustee herein, your Applicant was confronted with those various issues described in the foregoing narrative portion of this Application.  In addition to those routine issues normally presented to a Trustee and his counsel in a Chapter 7 case, your Applicant hereinabove has noted that the combination of the Debtors' tangled real estate holdings and the Debtors' deliberate attempts to obscure the same and obstruct the Trustee's efforts have required the experience and instinct of a bankruptcy professional with over a quarter century at the bankruptcy bar.  Further, the substantive consolidation issues which have been be so important to the instant case were highly unusual and required as well that special expertise of your Applicant.  In addition, the creative use of constructive trusts has accrued substantial benefit to the Estates.  In light of the

unique character of those unusual issues, your Applicant respectfully submits that the Estate has been well-served by the special expertise and experience of your Applicant as co-counsel to the Trustee

<u>Johnson Factor No. 3</u>: ("The skill requisite to perform the legal services properly"). Your Applicant further acknowledges that most, if not all, of the legal services performed by him in the subject case were of a routine character ordinarily handled by bankruptcy practitioners in the daily course of business. However, your Applicant submits that the skill of a bankruptcy practitioner with special legal expertise and the long practical experience of a seasoned bankruptcy attorney inevitably inured to the benefit of the Trustee and the creditors of the Estate by simplifying the handling of routine issues and identifying and addressing early (or avoiding) areas of particular peril or concern. Your Applicant believes that the application of that special knowledge and expertise to the issues confronted herein has resulted in particularly effective representation of the Trustee and the Estate.

<u>Johnson Factor No. 4</u>: ("The preclusion of other employment by the attorney due to the acceptance of the case"). As is well-known to the Court by its familiarity with the proceedings herein, your Applicant (as well as the Trustee) has been required to devote substantial portions of his time solely to the representation of the Trustee in this case; thereby precluding his contemporaneous attention to other matters pertaining to his law practice. Obviously, in a small law firm such as that of your Applicant, such a commitment of time precludes counsel's employment in other matters due to the acceptance of the instant retainer agreement.

<u>Johnson Factor No. 5</u>: ("The customary fee"). Although your Applicant defers to the more experienced judgment of this Court, he notes that his charges herein at the rate of $390.00 per hour are consistent (albeit generally lower) with those of other practitioners of comparable skill and experience in this Court. In light of his skill and experience garnered over most of the last three decades in the representation of debtors, creditors, Trustees and Creditors Committees in this and adjacent Districts, your Applicant submits that his hourly rate of compensation is fair and reasonable.

<u>Johnson Factor No. 6</u>: ("Whether the fee is fixed or contingent"). Although the allowance of professional compensation in bankruptcy proceedings is always subject to the discretion of this Court, the reasonable expectation of counsel in such proceedings is that fees should be allowed on a fixed compensation basis, rather than by application of a contingent fee standard. In any event, and as discussed in Johnson Factor No. 8, *infra*, your Applicant submits that the results obtained in these proceedings would justify either a contingent or fixed fee.

<u>Johnson Factor No. 7</u>: ("Time limitations imposed by the client or the circumstances"). As alluded to in the discussion of Johnson Factor No. 4, the instant case has imposed substantial time limitations on your Applicant in the discharge of his duties herein. As such, Johnson Factor No. 7 is uniquely important in consideration of the instant Application.

<u>Johnson Factor No. 8</u>: ("The amount involved and the results obtained"). As is obvious from even a cursory review of the instant proceedings, the stakes involved in the instant cases are quite large and, in light of the Debtors' continuous efforts of deception and obfuscation, the

Trustee's path has been made even more difficult. Notwithstanding those substantial burdens, the efforts of the Trustee and his undersigned counsel have been quite successful. To date, the Trustee successfully has liquidated virtually all of the real property uncontestedly vested in the names of the Debtors or their controlled entities, and has accumulated gross proceeds to date approaching $10,000,000.00 with over $6,500,000.00 of that sum being accumulated during the time period covered by this *Fourth Application*. More importantly, the Trustee's ongoing forensic investigation together with the pending and contemplated constructive trust litigation have positioned the Estate to recover many millions of dollars more for the benefit of the Estates herein.

Johnson Factor No. 9: ("The experience, reputation and ability of the attorneys"). As noted by your Applicant in his discussion of Cardinal Rule No. 5, counsel is an experienced bankruptcy practitioner whose abilities and reputation have preceded him in this Court. With all due modesty, your Applicant respectfully submits that his experience, reputation and ability made him uniquely well-qualified to handle the responsibilities of the subject case, and have enabled him to discharge those responsibilities in a most professional, expedient and cost-efficient fashion.

Johnson Factor No. 10: ("The undesirability of the case"). Although not usually a relevant factor in these cases, your Applicant urges that the same uniquely is apposite to the instant cases. As a result of the time constraints binding thereon, and the Debtors' penchant for litigating every issue herein, the subject case has taken on a patina of such undesirability as is contemplated under Johnson Factor No. 10.

Johnson Factor No. 11: ("The nature and length of the professional relationship with the client"). Your Applicant respectfully submits that Johnson Factor No. 11 is not applicable to consideration of the instant Application.

Johnson Factor No. 12: ("Awards in similar cases"). Based upon his experience in similar bankruptcy proceedings in this and other bankruptcy courts in this District and those of neighboring states, your Applicant respectfully submits that the compensation sought herein is not at all extraordinary. To the contrary, in light of the circumstances of the subject case, as well as the skill and the experience of the Applicant, it is respectfully submitted that the fees requested herein are fair and reasonable and should be allowed.

**Cardinal Rule No. 5.  (Fee applications must indicate how much in time and money was "written-off" in the exercise of "billing judgment").**

Upon a facial review of the Fee Statement attached hereto, the same includes various minor adjustments and a few "no-charge" notations reflecting services without any benefit to the Estate. However, it should not therefore be inferred that those "no-charge" notations constitute the entire exercise of the billing judgment of the Applicant herein.

Also included within your Applicant's exercise of his billing judgment are numerous time entries lost to the sands of time and emergent circumstances of the subject case for which no contemporaneous notation was made.  Similarly, your Applicant notes that in his capacity as counsel to the Trustee, he maintains some irregular and on-going communication with various of the creditors of the subject Estate.  Although some several time entries may exist reflecting telephone conferences with such creditors, the vast majority of those communications with those parties have been written-off by your Applicant and have no place whatsoever in the subject Fee Application.  Further, your Applicant notes that day-to-day charges for postage, long-distance telephone calls, etc., and other incidental expenses (other than such expenses incurred for Notices and other mass-mailings) are not included in the Fee Statement of your Applicant herein.

**Cardinal Rule No. 6.  (Numbers must add up).**

With some trepidation, your Applicant hereby affirmatively represents to the Court that he has, to the best of his ability, confirmed that each and every number in the attached Fee Statement reflects mathematical accuracy in its computation.  To the extent that an inadvertent error is hereafter brought to the attention of your Applicant, he hereby warrants to the Court that the same is a product of Murphy's Law, rather than any careless inattention in his preparation of this Application.

**Cardinal Rule No. 7.  (The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed).**

The Applicant herein is Roger Schlossberg, Esquire of the law firm of Schlossberg & Associates, Hagerstown, Maryland.  The Applicant is an attorney duly admitted to the practice of law in the States of Maryland and West Virginia as well as the District of Columbia, and is also admitted to practice and/or appears regularly before the Bankruptcy Courts of those jurisdictions as well as those of the Western District of Pennsylvania, the Middle District of Pennsylvania and

other Bankruptcy Courts in this region.  The Applicant has been an active practitioner before the Bankruptcy Courts aforesaid for over 30 years with his practice limited almost exclusively to the representation of creditors and trustees in bankruptcy.  Further, the Applicant has been a member of the standing panel of Chapter 7 Trustees in this District since 1982.  The Applicant's hourly rate for legal services performed in comparable proceedings is not less than $390.00 per hour.

**Cardinal Rule No. 8.  (Time records must be submitted with a fee application).**

Your Applicant submits that the Fee Statement attached hereto satisfies the requirements of Cardinal Rule No. 8.

**Cardinal Rule No. 9.  (Out-of-pocket expenses for which reimbursement is sought must be set forth in the application).**

Your Applicant notes that included in the attached Fee Statement is a request for reimbursement of compensable expenses in the sum total of $13,322.42 representing charges for those few items detailed therein.  As noted in the discussion of Cardinal Rule No. 5, *supra*, your Applicant "wrote-off" all of his postage, long-distance telephone calls and other incidental expenses incurred in connection with the performance of legal services herein and does not seek reimbursement of such expenses.  Your Applicant urges that those expenses for which reimbursement is sought are fair and reasonable.

**Cardinal Rule No. 10.  (When more than one professional or firm of professionals is appointed to represent or furnish similar services to a Debtor, the fee application(s) must indicate a clear division of labor and non-duplication of effort).**

Your Applicant notes that both the undersigned firm and the firm of the Trustee have been employed to provide legal services to the Trustee and the Estate herein.  As is patent from a careful review of the instant Application and the attached Fee Statement, as well as by a careful review of the similar Application and Fee Statement of the Trustee's law firm contemporaneously filed herein, the Trustee and the undersigned Applicant have taken great

pains to ensure that there has been no duplication of services for which compensation is sought by said Applications. While the complexity of the instant case necessarily has required that both of said counsel work together on various projects in the instant cases, the Trustee and the undersigned counsel have been scrupulous in limiting those joint undertakings and the charges for services related thereto.

## CONCLUSION

As noted aforesaid, and in consideration of the application of the Cardinal Rules of *Bernard Hill* to the instant Application, your Applicant has attached hereto and incorporated by reference herein his Fee Statements accumulating his time through June 30, 2008. The total time accrued to date as detailed therein totals 2077.90 hours for which your Applicant seeks allowance of compensation as counsel to the Trustee in the aggregate sum of $751,146.75 together with reimbursable expenses in the amount of $13,322.42, or a total of $764,469.17..

WHEREFORE, your Trustee respectfully prays that this Honorable Court:

1. APPROVE the Third Application for Allowance of Compensation to Roger Schlossberg Esquire and Schlossberg & Associates in the amount of $751,146.75 together with reimbursable expenses in the amount of $13,322.42, or a total of $764,469.17.

2. AUTHORIZE and DIRECT Gary A. Rosen, Trustee forthwith to pay in full said allowed compensation in the aggregate sum of $751,146.75 together with reimbursable expenses in the amount of $13,322.42, or a total of $764,469.17.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require

Respectfully submitted,

SCHLOSSBERG & ASSOCIATES

By: _/s/ Roger Schlossberg_____
Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, MD 21741-4227
Telephone: (301) 739-8610
Attorney for Trustee

## TRUSTEE'S CERTIFICATION

The undersigned Trustee hereby certifies that he has received and reviewed the foregoing *Fourth Application for Allowance and Payment of Compensation for Counsel to Trustee* and hereby approves same.

_/s/ Gary A. Rosen_____
Gary A. Rosen, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2008, a copy of the foregoing was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court.

_/s/ Roger Schlossberg_____
Roger Schlossberg