IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| MINH VU HOANG | | Bankruptcy No. 05-21078-TJC |
| THANH HOANG | * | Bankruptcy No. 05-25738-TJC |
| Debtors | | (Chapter 7) |
| | * | |
| | | Jointly Administered Under |
| | * | Bankruptcy No. 05-21078-TJC |

              *    *    *

| | | |
|---|---|---|
| GARY A. ROSEN, TRUSTEE | * | |
| One Church Street, Suite 802 | | |
| Rockville, MD 20850 | * | |
|     Plaintiff | | |
| | * | |
| v. | | Adversary No.: _____ |
| | * | |
| LAN THIEN HOANG | | |
| 9101 Clewerwall Drive | * | |
| Potomac, Maryland 20817 | | |
|     and | | |
| KIM HOANG | * | |
| 9800 Bolsa Avenue, Space 35 | | |
| Westminster, California 92683 | * | |
|   SERVE: | | |
|    6765 Westminster No. C-186 | * | |
|    Westminster, California 92683 | | |
|    and | * | |
| BANK OF AMERICA, NA | | |
| 100 North Tryon Street | * | |
| Charlotte, North Carolina 28255 | | |
|   SERVE: | * | |
|    The Corporation Trust, Inc. | | |
|    300 E. Lombard Street | * | |
|    Baltimore, Maryland 21202 | | |
|    and | * | |

1

SWA GENERAL PARTNERSHIP                  *
6765 Westminster No. C-186
Westminster, California 92683            *
   SERVE:
   Lan Thien Hoang, General Partner    *
   9101 Clewerwall Drive
   Potomac, MD 20817                   *
     and
   KIM HOANG                           *
   9800 Bolsa Avenue, Space 35
   Westminster, California 92683       *
     and
  6765 Westminster No. C-186             *
  Westminster, California 92683
    Defendants                        *

            *     *     *     *     *

### COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY, INJUNCTIVE RELIEF, CONVERSION AND DAMAGES

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Declaratory Relief, Turnover of Property, Injunctive Relief, Conversion and Damages* respectfully states the following:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334, 28 U.S.C. § 157 and U.S. District Court Local Rule No. 402.  Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### Parties

2

2.  On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3.  On July 12, 2005, the Debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief  thereupon was entered.  By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4.  By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein.  By further Order entered August 31, 2005, the Movant Gary A. Rosen was appointed Chapter 7 Trustee therein.

5.  By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

6.  By Consent Order entered September 28, 2005 in both of the above cases, this Court ordered joint administration of the instant proceedings under Case No. 05-21078-NVA; which said Consent Order was amended and clarified by a subsequent Order of this Court dated November 30, 2005.

7.  Your Defendant Lan Thien Hoang is an adult resident of the State of Maryland with residential address located as set forth in the caption hereof.  Upon information and belief, Lan Thien Hoang is the youngest son of the Debtors Minh Vu Hoang and Thanh Hoang.

8.  Your Defendant Kim Hoang is an adult resident of the State of California with residential address located as set forth in the caption hereof.

3

9.  The Defendant Bank of American, NA ("Bank of America") is a federally-chartered financial institution with principal offices located as set forth in the caption hereof.

10.  Your Defendant SWA General Partnership (hereinafter "SWA") is a general partnership with address as provided in the caption hereof.   Upon information and belief, the Defendants Kim Hoang and Lan Thien Hoang are the sole general partners of SWA.

## Facts Common to All Counts

### *The Sale of Central Avenue*

11.  On or about September 29, 1995, Osher, Inc. (hereinafter "Osher")[1], a Maryland corporation, purchased from Exxon Corporation for the sum of $110,000.00 all of that improved real property being known and designated as 6412 Central Avenue, Capitol Heights, Maryland 20743 ("Central Avenue") by a Deed of that date recorded among the Land Records of Prince George's County, Maryland at Liber 10476, folio 692.  (See a copy of said Deed attached hereto and incorporated by reference herein as "Exhibit 1").

12.  In order to finance its purchase of Central Avenue, Osher borrowed from Meadow Financial, LLC ("Meadow") the entire purchase price of $110,000.00 repayable together with interest thereon and pursuant to the those terms and conditions set forth in a *Purchase Money Commercial Balloon Deed of Trust Note* (the "*Meadow Note*") also dated September 29, 2005; a copy of which said *Meadow Note* is attached hereto and incorporated by reference herein as

---

[1]      Osher, Inc. Is a Maryland corporation organized on October 4, 1995 which maintains its principal address at the residence of the Debtors at 9101 Clewerwall Drive, Bethesda, Maryland 20817.  See Maryland State Department of Assessments and Taxation ("SDAT") General Information attached hereto and incorporated by reference herein as "Exhibit 2".  All of the equity in Osher is owned by the Debtors Minh Vu Hoang and Thanh Hoang as the sole shareholders thereof.  See copy of *Corporate Resolution of Osher, Inc.* dated June 20, 2006 attached hereto and incorporated by reference herein as "Exhibit 3".

4

"Exhibit 4.

13.  In order to secure the repayment and performance of the *Meadow Note*, Osher

granted and conveyed unto Trustees for the benefit of Meadow a purchase money lien upon

Central Avenue as appears by reference to that *Purchase Money Commercial Balloon Deed of*

*Trust* (the *"Meadow DOT"*) of even date with the *Meadow Note* recorded among the Land

Records of Prince George's County, Maryland at Liber 10476, folio 698; a copy of which said

*Meadow DOT* being attached hereto and incorporated by reference herein as "Exhibit 5".

14.  On or about June 1, 2005, Osher agreed to sell Central Avenue unto Airport 2000,

LLC at and for the purchase price of $750,000.00 upon those terms and conditions set forth in a

*Contract of Sale* of that date; a copy of said *Contract of Sale* being attached hereto and

incorporated by reference herein as "Exhibit 6".  All of the interest of the said Airport 2000, LLC

as the purchaser under said *Contract of Sale* subsequently was assigned to A2K-Retail as appears

by reference to an *Addendum to Assignment* and an *Addendum to Sales Contract*; both of which

said *Addenda* are attached hereto and collectively incorporated by reference herein as "Exhibit

7".

15.  Airport 2000 and/or A2K-Retail subsequently agreed to assign its/their rights under

the *Contract of Sale* to the Redevelopment Authority of Prince George's County (the

"Redevelopment Authority") for an assignment fee of $850,000.00; which said sum was payable

contemporaneous with the closing on the sale of Central Avenue from Osher, Inc. to the

Redevelopment Authority.

16.  On August 25, 2006, closing was conducted on the sale of Central Avenue by Osher,

Inc. to the Redevelopment Authority at the offices of Paramount Title and Escrow in Greenbelt,

5

Maryland ("Paramount").  As appears by reference to the HUD-1 Settlement Statement prepared by Paramount, the assignment fee payable to A2K-Retail was paid in full from the proceeds of settlement with the balance of said settlement proceeds remaining to be disbursed for the benefit of Osher as the Seller of Central Avenue.  See copy of HUD-1 Settlement Statement attached hereto and incorporated by reference herein as "Exhibit 8".  See also, Paramount *Single Ledger Balance Report* (the "*Ledger Report*") detailing all disbursements from said closing attached hereto and incorporated by reference herein as "Exhibit 9".

17.  Although the HUD-1 Settlement Statement and the *Ledger Report* aforesaid reveals that after payment of the assignment fee, there remained $751,665.34 to be distributed on account of the ownership interest of Osher in Central Avenue, not a penny of those net sale proceeds, in fact, were distributed on account of Osher or the bankruptcy estates which owned all of the equity in Osher.  Instead, said net proceeds deliberately were diverted for the sole and exclusive benefit of the Defendant members of the Hoang family and to the complete denial of the benefit thereof to the Bankruptcy Estates.

### The Payoff of the Meadow Note

18.  As noted aforesaid, Central Avenue was purchased with financing provided by Meadow in the amount of $110,000.00 and repayable according to the terms and conditions of the *Meadow Note* and the *Meadow DOT*.   On or about April 1, 2003, Meadow assigned all of its right, title and interest in the *Meadow Note* to Edward T. Laios ("Laios") by an *Assignment of Interest* of that date; a copy of which *Assignment of Interest* is attached hereto and incorporated by reference herein as "Exhibit 10".

6

19.  On or about July 9, 2004, Laios assigned and transferred all of his right, title and interest in the *Meadow Note* and the *Meadow DOT* to Sweet Wheel & Associates by the terms and conditions of an *Assignment Agreement* of that date; a copy of which *Assignment Agreement* is attached hereto and incorporated by reference herein as "Exhibit 11".  By its terms, said *Assignment Agreement* recites that the consideration paid to Laios for said assignments was $325,000.00; which said consideration was paid to Laios by Check No. 014850 dated July 14, 2004 and drawn upon a real estate escrow account (the "Yellow Account")[2] maintained by Gemini Title & Escrow, LLC ("Gemini").  See copy of Check No. 014850 attached hereto and incorporated by reference herein as "Exhibit 12".

20.  Upon careful forensic investigation, your Trustee believes and therefore avers that none of the monies maintained in the Yellow Account as of July 14, 2004 were property of Sweet Wheel & Associates.  Further, upon said same forensic investigation, your Trustee believes and therefore avers that all of the monies then maintained in the Yellow Account were the property of the Debtors Minh Vu Hoang and Thanh Hoang derived from the sale by them of other properties,and none of said money in the Yellow Account was the property of any of the Defendants herein.

21.  As noted in Paragraph 16, *supra*, closing was conducted on the sale of Central Avenue by Osher to the Redevelopment Authority on August 25, 2006, at the offices of Paramount.  As noted on the *HUD-1 Settlement Statement* for that transaction attached hereto as aforesaid and incorporated by reference herein as Exhibit 8, and as noted on Paramount's *Ledger*

---

[2]    The particular escrow account in question was maintained by Gemini and its principal, Craig Parker, Esquire, for the exclusive use of the Debtors.  As the physcial checks for said account were produced on yellow bankstock, Mr. Parker and the Debtors referred to the account as the "Yellow Account".

*Report* attached hereto as aforesaid and incorporated by reference herein as Exhibit 9,

$360,591.70 was paid from the proceeds of the sale of the Central Avenue to Sweet Wheel &

Associates in putative satisfaction of a first mortgage payoff.

22.   In satisfaction of that payoff, Paramount issued its Check No. 18129 payable to

Sweet Wheel & Associates for $360,591.70; a copy of said Check No. 18129 being attached

hereto and incorporated by reference herein as "Exhibit 13".   Said Check No. 18129 was not

promptly negotiated and ultimately was seized by the Internal Revenue Service during the

execution of a search warrant and records seizure at 7915 Jensen Place, Bethesda, Maryland in

December, 2006.   Subsequently, the Debtor Minh Vu Hoang, acting on behalf of Sweet Wheel &

Associates, advised Paramount that Check No. 18129 had been "lost" and requested a

replacement check for the same.   Paramount duly complied with said request and issued its

Check No. 18360 again in the amount of $360,591.70 payable to Sweet Wheel; a copy of which

said Check No. 18360 being attached hereto and incorporated by reference herein as "Exhibit

14".   On or about February 2, 2007, Paramount Check No. 18360 was presented to Fidelity &

Trust Bank which accepted the same as payment for the issuance of its Official Check No.

103126 (the "F&T Check") payable to Sweet Wheel in the same amount of $360,591.70; a copy

of said F&T Check and remitter attachment being attached hereto and incorporated by reference

herein as "Exhibit 15".

### *Establishment of the Bank of America Accounts*

23.   On or about February 20, 2006, the Defendants Kim Hoang and Lan Thien Hoang

a/k/a Lanny Hoang caused to be opened at the Defendant Bank of America a business account

relationship in the name of the Defendant SWA General Partnership as appears by reference to a

*Master Agreement Business Deposit Accounts* executed and delivered by said Defendants; a copy of which said *Master Agreement* being attached hereto and incorporated by reference herein as "Exhibit 16".  In connection with the establishment of that *Master Agreement*, the Defendants Hoang caused two business accounts to be opened in the name of SWA General Partnership; *i.e.*, Business Checking Account No. XXXXX-X1752 (the "1752 Account") and Business Interest Maximizer Account No. XXXXX-X1753 (the "1753 Account").  In order to fund the opening deposits for each of said accounts, the Defendants Hoang tendered the F&T Check in the amount of $360,591.70 to Bank of America as appears by reference to the negotiation details entered on the reverse side of the F&T Check attached hereto as aforesaid as Exhibit 15.  The gross funds represented by said F&T Check in the amount of $360,591.70 were applied: $5,000.00 to the opening deposit in the 1752 Account; and $355,591.70 to the opening deposit in the 1753 Account.  See copies of Deposit Tickets for Bank of America Account Nos. 1752 and 1753 dated February 20, 2007 attached hereto and collectively incorporated by reference herein as "Exhibit 17".  See also, monthly account statements for the 1752 Account and the 1753 Account for the period from February, 2007 through November, 2008 for the 1752 Account and 1753 Account attached hereto and collectively incorporated by reference herein as "Exhibits 18 and 19", respectively.[3]

### The Sale of Old Pine Drive

24.  On or about August 23, 2004, John S. Burson, *et al* (hereinafter collectively "Burson") caused all of that real property commonly known and designated as 19108 Old Pine

---

[3]    Substantial duplication appears between the Statements for Account Nos. 1752 and 4107 due to a change in account statement formats effective as of June, 2007.  As of that date, Bank of America apparently combined all SWA accounts into a single consolidated statement format.

Drive, Beallsville, Maryland 20839 ("Old Pine") to be sold at public auction in connection with

those foreclosure proceedings then pending in the Circuit Court for Montgomery County,

Maryland as Case No. 238667V.  At said sale, Old Pine was sold unto Pacific Rim General

Partnership ("Pacific Rim")[4] at and for the purchase price of $269,000.00; said sale subsequently

having been ratified by the Circuit Court for Montgomery County, Maryland by Order dated

December 13, 2004.  See recitals contained in that Deed dated May 6, 2005 and recorded among

the Land Records of Montgomery County, Maryland at Liber 30008, folio 193 attached hereto

and incorporated by reference herein as "Exhibit 20".  As further noted in said Deed, subsequent

to the ratification of the sale of Old Pine as aforesaid, Pacific Rim sold of all its right, title and

interest in Old Pine unto David Poulos and Patricia A. Martin (hereinafter "Poulos/Martin") at

and for the sum of $400,000.00.

25.  On April 18, 2005, Pacific Rim filed its *Motion With Consent for Substitution of*
*Purchaser* and, by *Order* entered May 5, 2005, the Circuit Court for Montgomery County,

Maryland approved the substitution of Poulos/Martin as the purchasers of Old Pine.  See copies

of *Motion With Consent for Substitution of Purchaser* and *Order* thereon attached thereto and

collectively incorporated by reference herein as "Exhibit 21".

26. On the day following the entry of said *Order*, Pacific Rim consummated the sale of

Old Pine to Poulos and Martin as appears by reference to that *HUD-1 Settlement Statement*

---

[4]     Pacific Rim is a purported Maryland General Partnership whose sole partners prior to
commencement of the Debtors' cases were Van T. Vu an Hao Q. Vu, two of the siblings of the
Debtor Minh Vu Hoang.  Your Plaintiff/Trustee has succeeded to all of the partnership interests in
Pacific Rim by virtue of that *Assignment* made by the said Van T. Vu and Hao Q. Vu in
connection with the settlement of the Trustee's *Motion for Substantive Consolidation* heretofore
approved by this Court in the Debtors' cases and in the related cases of Van T. Vu (Case No. 05-
26521) and Hao Q. Vu (Case No. 05-26765).

prepared by Central Processing Center, LLC ("CPC") attached hereto and incorporated by reference herein as "Exhibit 22".

27.  As noted by reference to the said *Settlement Statement*, Pacific Rim was entitled to net closing proceeds as a result of the sale of Old Pine in the amount of $388,895.18.  By an *Assignment of Funds* dated May 6, 2005, Pacific Rim, acting through the Debtors Minh Vu Hoang and Thanh Hoang, assigned the sum of $86,767.43 "to pay for RANDALL RD".  As detailed in said *Assignment of Funds*, $86,726.50 was to be paid to Friedman &MacFadyen for the purposes of purchase of Randall Road and $50.00 was to be retained by CPC as an apparent handling fee for said transaction.[5]

### The Purchase of Randall Road

28.  On or about January 5, 2005, Alvin E. Friedman, *et al*, Substitute Trustees (hereinafter "Friedman") caused all of that real property commonly known and designated as 3308 Randall Road, Suitland, Maryland 20746 ("Randall Road") to be sold at public auction in connection with those foreclosure proceedings then pending in the Circuit Court for Prince George's County, Maryland as Case No. CAE04-18696.  At said sale, Randall Road was sold by Friedman unto Yardley General Partnership ("Yardley")[6] at and for the purchase price of

------

[5]     Inexplicably, the funds directed to be paid to Friedman & MacFadyen in the amount of $86,726.50 together with the handling fee of $50.00 exceed the amount assigned of $86,776.43 by $.07.  See copy of *Assignment of Funds* attached hereto and incorporated by reference herein as "Exhibit 23".  See also, CPC *Disbursement Statement* attached hereto and incorporated by reference herein as "Exhibit 24" reflecting actual payment to Friedman & MacFadyen of the sum of $85,551.13 by Check No. 29580 and of the sum of $1,175.30 by Check No. 29581, or an aggregate sum of $86,726.43.

[6]     As a result of your Trustee's investigation, he has obtained possession of a single paper writing purporting to be the *Partnership Agreement* for "Yardley General Partnership t/a Rocky, LLC".  Somewhat less than a model of legal clarity and draftspersonship, the *Partnership Agreement* recites that Uy Thien Hoang, the son of the Debtors, "is the only initial partner", but also notes the following allocation of profits and losses: "Yardley GP 100% net profit or loss t/a Rocky, LLC which will be formed as a Maryland corporation".  Said *Partnership Agreement* goes on to note

$93,500.00.  See recitals contained in that Deed dated May 13, 2005 recorded among the Land Records of Prince George's County, Maryland at Liber 24353, folio 0652; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 25".

29.  The sale of Randall Road as aforesaid duly was reported to the Circuit Court for Prince George's County, Maryland by Friedman's *Report of Sale* dated January 12, 2005; which said *Report of Sale* was ratified by *Order* of the Circuit Court for Prince George's County, Maryland on March 8, 2005.  See copy of *Report of Sale* and *Order* attached hereto and collectively incorporated by reference herein as "Exhibit 27".

30.  On or about May 19, 2005, Yardley closed on its purchase of Randall Road as appears by reference to CPC Check No. 29580 dated May 12, 2005 in the amount of $85,551.13; which said check represents a portion of the net proceeds of the sale of Old Pine as noted on the CPC Disbursement Statement for the sale of Old Pine heretofore attached hereto as Exhibit 24.  See copy of CPC Check 29580 attached hereto ans incorporated by reference herein as "Exhibit 28".  Said check in the amount of $85,551.13 was tendered to and received by Friedman as payment in full of those funds due to the Seller in connection with the sale of Randall Road as appears by reference to that HUD-1 Settlement Statement prepared with regard to the sale of Randall Road; a copy of which is attached hereto and incorporated by reference herein as "Exhibit 29".[7]

---

that the Debtor Minh Vu Hoang will act as an agent for the *Partnership*.  See copy of said *Partnership Agreement* attached hereto and incorporated by reference herein as "Exhibit 26".

[7]     Said *HUD-1 Settlement Statement* apparently was prepared by CPC as an accommodation to the Debtors in conjunction win the sale of Old Pine which was closed by CPC.  See designation on *HUD-1 Settlement Statement* of CPC as the Settlement Agent "For HUD-1 Preparation Purposes only".  Although said transaction manifestly occurred after the closing of Old Pine on May 6, 2005, the *HUD-1 Settlement Statement* for Randall Road recites the settlement date as January 5, 2005; which said date actually is the date of the auction sale of Randall Road.

31. Notwithstanding that all of the sums paid to Friedman for the purchase of Randall Road were derived from funds belonging to the Debtors and notwithstanding that none of said purchase price was contributed by Yardley General Partnership, title to Randall Road was conveyed to Yardley.

### *The Sale of Randall Road*

32. On or about August 29, 2005, Yardley sold Randall Road to Wilfredo Portillo and Maria Arminda Cabrera De Portillo (collectively, the "Portillos") at and for the purchase price of $300,000.00. See Deed from Yardley to Portillos dated August 29, 2005 recorded among the Land Records of Prince George's County, Maryland at Liber 24353, folio 655; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 30".

33. Closing on the sale of Randall Road by Yardley to Portillo was conducted by Cosmopolitan Real Estate Settlements, Inc. ("Cosmopolitan") as appears by reference to that *HUD-1 Settlement Statement* prepared by Cosmopolitan; a copy of which is attached hereto and incorporated by reference herein as "Exhibit 31".

34. Said *HUD-1 Settlement Statement* asserts that of the $309,073.48 gross amount due from the Portillos as purchasers of Randall Road, the Portillos were required at closing to pay no cash whatsoever towards the purchase of the property. Rather, the *HUD-1 Settlement Statement* asserts that the Portillos were entitled to a credit for a deposit allegedly paid in the amount of

---

As noted in Footnote 5, *supra*, the aggregate proceeds of $86,726.43 paid to Friedman from the proceeds of the sale of Old Pine was paid by Check 29580 in the amount of $85,551.13 and Check 29581 in the amount of $1,175.30. Careful review of the *HUD-1 Settlement Statement* for the purchase of Randall Road reveals that the sum of $85,551.13 was required to be paid to Friedman as the net proceeds payable to Seller (Line 603) and the sum of $1,175.30 represents the separate Review Fee and Default Fee payable to Friedman & MacFadyen as indicated at Lines 1301 and 1302 of the *HUD-1 Settlement Statement*.

$30,000.00 and a "Seller Closing Contribution" in the amount of $3,000.00 (Lines 201 and 205, respectively).[8]

35.  The balance of the settlement sums allegedly due from the Portillos in the amount of $276,073.48 is credited for their benefit on Line 202 of the HUD-1 Settlement Statement as "Principal amount of new loans".  The *HUD-1 Settlement Statement* identifies the alleged lender of said "new loans" as Rocky Limited Liability Company ("Rocky").  Rocky, of course, is a known confederate of the Debtors whose identified principals previously have been identified to the Court as Uy Thien Hoang, a son of the Debtors, and Alex Le.[9]

36.  Notwithstanding that the *HUD-1 Settlement Statement* prepared by Cosmopolitan purports to evidence the existence of third-party financing offered by Rocky in the amount of $276,073.48, your Trustee's forensic investigation has determined that no such funds were contributed by Rocky to the subject transaction.  In fact, review of the *Disbursement Statement* prepared by Cosmopolitan in connection with the subject transaction reveals that the only actual funds contributed towards said closing were $12,079.96 supplied from a "joined" transaction.[10] Although the *Disbursement Statement* notes a second entry under "Funds Received" designating Rocky as a source of funds, said entry is noted "voided".  See copy of Cosmopolitan *Disbursement Statement* attached hereto and incorporated by reference herein as "Exhibit 32".

---

[8]    Despite your Trustee's forensic investigation, he has been unable to locate any evidence of the payment of said $30,000.00 deposit.

[9]    Mr. Le's activities in connection with the nefarious business operations of the Debtors has been described to the Court in previous adversary proceedings.  As the Court also previously has been informed, Mr. Le fled the United States during the course of the investigation of the Debtors' business affairs and is believed to have taken refuge in the Republic of Vietnam.

[10]    The reference on the *Disbursement Statement* to the source of the $12,079.96 as "joined" reflects a transfer of those monies from a separate fund apparently maintained by Cosmopolitan in connection with a different settlement or other activity undertaken on behalf of the Debtors or their entities.

37.  Undaunted by the lack of any actual consideration contributed by Rocky, the Debtors caused the Portillos to execute and deliver a *Purchase Money Deed of Trust Balloon (*the*"Rocky Deed of Trust")* dated August 29, 2005 conveying Randall Road unto Craig Parker, Esquire[11], as Trustee for the benefit of Rocky; which said Rocky Deed of Trust is recorded among the Land Records of Prince George's County, Maryland at Liber 24353, folio 0660; a copy of which said instrument being attached hereto and incorporated by reference herein as "Exhibit 33".

38.  Thus, although Rocky contributed no monies to the financing by the Portillos of their purchase of Randall Road, there existed as a matter of record immediately following the recorded Deed from Yardley to the Portillos the *Rocky Deed of Trust* securing an alleged indebtedness payable to Rocky in the amount of $276,073.48 together with interest accruing thereon at the stated rate of 8% *per annum*.

### The Payoff of the Rocky Deed of Trust

39.  On or about February 26, 2007, the Portillos apparently refinanced certain of their obligations including their purported debt owed to Rocky.  In connection with their execution and delivery of a *Maryland Deed of Trust* of that date for the benefit of the CIT Group/Consumer Finance, Inc. recorded among the Land Records of Prince George's County, Maryland at Liber 29729, folio 127 (a copy of which said Deed of Trust is attached hereto and incorporated by reference herein as "Exhibit 34), the Portillos caused the sum of $272,984.09 to be paid by the settlement agent for such refinancing transaction (*i.e.*, the Accurate Group of Cornelius, North Carolina) to Rocky.  (See Accurate Group Check No. 42179 dated March 7, 2007; a copy of which said Check is attached hereto and incorporated by reference herein as

---

[11]    Mr. Parker previously has been identified to the Court as the principal of Gemini and as counsel for the Debtors Minh Vu Hoang and Thanh Hoang.

"Exhibit 35").  Careful review of said Check reveals the description thereon of "First mortgage payoff".  On March 12, 2007, the Debtor Minh Vu Hoang caused said mortgage payoff check to be deposited into the 1752 Account maintained by the Defendants at the Bank of America.  See copy of Deposit Ticket evidencing said deposit attached hereto and incorporated by reference herein as "Exhibit 36".

### Following the Money – The Trail of the BOA Accounts

40.  Following the deposit of the *Rocky Deed of Trust* payoff check as aforesaid, there remained a balance in the 1752 Account of $287,907.15 and a balance existed as of that date in the 1753 Account of $335,267.08, or an aggregate total of $623,174.23 maintained in the two accounts in the name of the Defendant SWA General Partnership.  See Account Statements heretofore identified as Exhibits 18 and 19.

41. As review of the Account Statements for the said two accounts further will reveal, no additional monies were deposited to either of the those accounts through December 31, 2007.  However, for reasons which are not discernable to your Trustee, not less than 10 intra-bank transfers were effected between the 1752 Account and the 1753 Account during that period of time in amounts ranging from as small as $200.00 to as large as $100,000.00.  Notwithstanding that no further deposits were made into the BOA Accounts during that period of time, the Defendants caused all or substantially all of the aggregate funds maintained in the BOA Accounts to be disbursed to themselves and other persons, including the Debtor Minh Vu Hoang; thereby depriving your Plaintiff/Trustee of the control and ownership of said funds for administration for the benefit of parties-in-interest in these proceedings.[12]

---

[12]    Those disbursements effected by the Defendants included not less than $315,000.00 transferred to the Bank for Foreign Trade of Vietnam/Vietcom Bank.

### *The Establishment of the 4107 Account*

42. Among those transfers effected by the Defendants Hoang and SWA, on or about June 8, 2007, the Defendants Hoang caused the sum of $200,000.00 to be paid from the 1753 Account for the purpose of establishing Certificate of Deposit No. 6535 (the "6535 CD") in the name of SWA. (See Bates No. BOA005926 included in Exhibit 19 for the 1753 Account and see Bates No. BOA003935 included in Exhibit 18.)

43. As revealed by reference to Bates No. BOA003935 in Exhibit 18, the 6535 CD expired by its terms on May 8, 2008. Shortly prior thereto, on April 15, 2008, the Defendants Hoang caused $5,000.00 to be withdrawn from the interest accrued on the 6535 CD and deposited the same into the 1752 Account. (See Bates No. BOA007950 included in Exhibit 18.) On May 8, 2008, the date of maturity of the 6535 CD, the Defendants Hoang caused the remaining balance of the 6535 CD to be withdrawn in the amount of $202,952.24 and closed said 6535 CD account. (See Bates No. BOA007950 included in Exhibit 18).

44. Also on May 8, 2008, the Defendants Hoang caused the sum of $202,952.24 withdrawn from the 6535 CD to be deposited in a new Bank of America Business Interest Maximizer Account No. XXXXX-X4107 (the "4107 Account") as appears by reference to the Statement for said 4107 Account attached hereto and incorporated by reference herein as "Exhibit 37". See also copy of *Time Deposit Debit* for Account 6535 attached hereto and incorporated by reference herein as "Exhibit 38". See also copy of *Deposit Ticket* dated May 8, 2008 for 4107 Account attached hereto and incorporated by reference herein as "Exhibit 39".

45. Also on May 8, 2008, the Defendants Hoang caused the sum of $10,000.00 to be transferred from the 4107 Account back to the 1752 Account leaving a balance therein of

17

$192,952.24 in the 4107 Account therein together with interest accruing thereon thereafter. (See Bates No. BOA008010 included in Exhibit 37.)

### The Remaining Balances on Deposit at the Bank of America

46. Upon information and belief, there presently remains a balance in the 1752 Account of less than $1,000.00. Further upon information and belief, the 1753 Account has been closed. Significantly, however, upon further information and belief, there remains in the 4107 Account as of date a sum in excess of $196,000.00. As noted through the above exhaustive review of the provenance of the funds deposited in the 4107 Account, all of said funds directly are traceable to property of the Debtors and the Bankruptcy Estates herein. Therefore, your Plaintiff/Trustee respectfully submits that all of said funds constitute property of the Estate and should be turned over forthwith to your Plaintiff/Trustee.

### Overview of Requested Relief

47. Your Plaintiff/Trustee desires consideration by this Court of the above-described factual milieu as supplemented by contemplated discovery herein. Upon consideration of that factual background, your Plaintiff/Trustee seeks issuance by this Court of extraordinary injunctive relief with respect to the immediate assumption of control of the 4107 Account and the 1752 Account pending a final declaration by this Court of the ownership rights of the parties hereto with respect to the funds maintained in the 4107 Account and the 1752 Account.

48. Further, your Plaintiff/Trustee requests the declaration and imposition of a constructive trust upon any of the proceeds of the 1752 Account, the 1753 Account, the 6535 CD and the 4107 Account as hereafter may be located by your Plaintiff/Trustee.

49. Finally, your Plaintiff/Trustee seeks the entry of a judgment in favor of the Plaintiff/Trustee and the Estates herein and against the Defendants Hoang and SWA General

Partnership in the aggregate amount of $623,174.23 together with prejudgment interest thereon and putative damages in an amount not less than $10,000,000.00.

## Count I

### (Declaratory Relief)

50.  The allegations contained in Paragraphs 1-49, *supra,* hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

51.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Defendants Kim Hoang and Lan Thien Hoang and SWA General Partnership with regard to the ownership of the proceeds of the sale of Central Avenue and Randall Road.

52.  As hereinabove set forth, the circumstances under which the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership acquired the proceeds of the sale of Central Avenue and Randall Road, and the actual fraud employed by said Defendants in connection therewith, renders it inequitable for said Defendants to continue to retain those proceeds against the interests of your Plaintiff/Trustee and the Bankruptcy Estates herein.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  DECLARE that the proceeds of the sale of Central Avenue and Randall Road are the lawful property of the Plaintiff/Trustee and the Bankruptcy Estates herein.

2.  IMPOSE a constructive trust upon the proceeds of the sale of Central Avenue and Randall Road, including those funds now maintained in the 4107 Account and the 1752 Account, for the exclusive benefit of the Plaintiff/Trustee and the Bankruptcy Estates herein.

3.  DECLARE that the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership are without any legal right, title or interest in the sale proceeds of Central Avenue

19

and Randall Road, including those funds now maintained in the 4107 Account and the 1752 Account.

4.  DECLARE that the Trustee is entitled to all dominion and control over the sale proceeds of Central Avenue and Randall Road, including those funds now maintained in the 4107 Account and the 1752 Account.

5. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count II

### (Turnover of Property of the Estate)

53.  The allegations contained in Paragraphs 1-52, *supra,* hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

54.  The proceeds of the sale of Central Avenue and Randall Road as aforesaid are property of the Bankruptcy Estates herein as defined in 11 U.S.C. §541 which your Plaintiff/Trustee may use pursuant to 11 U.S.C. §363.  As such, the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership are obliged and should be required to deliver said proceeds to your Plaintiff/Trustee and account for the use and income (including interest or investment income) derived therefrom pursuant to 11 U.S.C. §542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  ORDER that the Defendants Kim Hoang, Lan Hoang and SWA General Partnership forthwith turnover and pay to the Plaintiff/Trustee a sum equal to the proceeds derived from the sale of Central Avenue and Randall Road in an amount not less than $623,174.23 together with interest thereon accounting from March 12, 2007.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count III

### (Injunctive Relief)

55.  The allegations contained in Paragraphs 1-54, *supra,* hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

56.  As hereinabove set forth, the funds now maintained in the 4107 Account and the 1752 Account at the Bank of America in the name of SWA General Partnership manifestly are property of the Estate.  In consideration of the inextricable family relation and control exerted by the Debtors over members of their family engaged with the Debtors in their nefarious business affairs as hereinabove set forth, and in light of the demonstrated propensity of the Debtors and the Defendants herein to dissipate and secrete assets purloined from the Bankruptcy Estates herein, your Plaintiff/Trustee respectfully urges that injunctive relief uniquely is apposite herein to prevent the Defendants Hoang and SWA Partnership from further actions to remove the few remaining proceeds of the sale of Central Avenue and Randall Road as maintained in the 4107 Account and the 1752 Account from the grasp and ambit of your Bankruptcy Trustee herein and, perhaps, from the very jurisdiction of this Court.  Your Plaintiff/Trustee respectfully urges that in order to preserve any meaningful opportunity for recovery herein, the extraordinary remedy of injunctive relief is required.  As such, your Plaintiff/Trustee respectfully urges that the nominal Defendant Bank of America should be enjoined forthwith administratively to freeze the 4107 Account and the 1752 Account and to deny the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership any access to or control over said 4107 Account and 1752 Account pending further Order of this Court.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  TEMPORARILY RESTRAIN and/or PRELIMINARY ENJOIN and/or PERMANENTLY ENJOIN the Defendant Bank of America and all persons acting in concert or cooperation with it, forthwith administratively to freeze the 4107 Account and the 1752 Account and to deny the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership all access to or control over said 4107 Account and 1752 Account, pending further Order of this Court.

2.  TEMPORARILY RESTRAIN and/or PRELIMINARY ENJOIN and/or PERMANENTLY ENJOIN the Defendant Bank of America, and all persons acting in concert or cooperation with it, forthwith to turn over to the Plaintiff/Trustee all funds presently maintained in the 4107 Account and the 1752 Account; said funds to be administratively segregated by the Plaintiff/Trustee, *pendente lite*, subject to further Order of this Court.

3.  TEMPORARILY RESTRAIN and/or PRELIMINARY ENJOIN and/or PERMANENTLY ENJOIN the Defendant Bank of America forthwith to provide to the Plaintiff/Trustee copies of all records maintained by the Defendant Bank of America with regard to the 4107 Account and the 1752 Account from the date of their creation to date.

4.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

**Count IV**

**(Conversion)**

57.  The allegations contained in Paragraphs 1-56, *supra,* hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

22

58.  As noted aforesaid, the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership wrongfully have exercised dominion and control over property of the Plaintiff/Trustee and the Bankruptcy Estates herein; *to-wit*, the proceeds of the sales of Central Avenue and Randall Road in the aggregate sum of $669,665.18.  As noted aforesaid, notwithstanding the actual right of the Plaintiff/Trustee and the Bankruptcy Estates to the use and enjoyment of said monies, the said Defendants intentionally, fraudulently and with actual malice, have exercised unauthorized dominion and control thereof to the complete exclusion of the Plaintiff/Trustee and the Bankruptcy Estates herein.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  FIND that the actions of the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership constitute conversion of property of the Plaintiff/Trustee and the Bankruptcy Estates herein in an amount not less than $669,665.18.

2.  ENTER judgment for compensatory damages in favor of the Plaintiff/Trustee and the Bankruptcy Estates herein and against the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership in an amount not less than $669,665.18.

3.  ENTER judgment for exemplary damages in favor of the Plaintiff/Trustee and the Bankruptcy Estates herein and against the Defendants Kim Hoang, Lan Thien Hoang and SWA General Partnership in an amount not less than $10,000,000.00.

4.  .ORDER such other and further relief as the nature of this cause and the interests of justice may require.

23

Respectfully submitted,

GARY A. ROSEN, CHARTERED

Dated:  March 30, 2009         _____

By_____*Gary A. Rosen*_____
          Gary A. Rosen
          One Church Street, Suite 802
          Rockville, Maryland 20850-4158
          Telephone (301) 251-0202


SCHLOSSBERG & ASSOCIATES

By;  ____*/s/ Roger Schlossberg*_____
          Roger Schlossberg
          134 West Washington Street
          P.O. Box 4227
          Hagerstown, Maryland 21741-4227
          Telephone (301) 739-8610

          Attorneys for Trustee

24