IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

IN RE:                                          *

MINH VU HOANG
THANH HOANG                                     *
    Debtors                                     Bankruptcy No. 05-21078-TJC
                                                *   Bankruptcy No. 05-25738-TJC

                                                *   Jointly Administered Under
                                                    Bankruptcy No. 05-21078-TJC
                                                *

                   *    *    *    *    *

GARY A. ROSEN, TRUSTEE
One Church Street, Suite 802                    *
Rockville, Maryland 20850
                                                *
    vs.
                                                *
DARRELL M. KELLY
16341 Woodville Road                            *
Brandywine, Maryland 20613
SERVE ALSO AT:                                  *
8511 Side Saddle Court
Randallstown, Maryland 21133                    *
    and
MINH VU HOANG                                   *
t/a PLT FUNDING SERVICES
9101 Clewerwall Drive                           *
Bethesda, Maryland 20817
    and                                         *
THANH HOANG
t/a PLT FUNDING SERVICES                        *
9101 Clewerwall Drive
Bethesda, Maryland 20817                        *
    and
NODA LIMITED LIABILITY COMPANY                  *
9812 Falls Road # 114-221
Potomac, Maryland 20854                         *
SERVE ON:
Juis Carlos Noda, Resident Agent                *
9812 Falls Road # 114-221
Potomac, Maryland 20854                         *
               * * * * * * * * * * * * *

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY AND FOR SALE OF PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS**

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Declaratory Relief, Turnover of Property and for Sale of Property Free and Clear of Claims and Interests,* respectfully states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334, 28 U.S.C. § 157 and U.S. District Court Local Rule No. 402.  Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### Parties

2. On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3. On July 12, 2005, the debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4. By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein. By further Order entered August 31, 2005, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

6. By Order entered September 28, 2005 in both of the above cases, this Court Ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7. The Defendant Darrell M. Kelly (hereinafter "Kelly") is an adult resident of the State of Maryland with known addresses as set forth in the caption hereof.

8. The Defendant Minh Vu Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

9. The Defendant Thanh Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

10. The Defendant NODA, LLC (hereinafter "NODA") is a limited liability company organized and existing under the laws of the State of Maryland with business address as noted in caption hereof.[1]

**Facts Common to All Counts**

*Overview of Factual Background of Complaint*

11. As hereinafter detailed, the instant *Complaint* reviews the machinations of the Debtor/Defendant Minh Vu Hoang, her family members, business associates and related entities in the laundering and conversion of substantial property and monies belonging to

---

[1]Your Trustee's investigation has uncovered one unsigned *Operating Agreement* for Defendant NODA and one copy of the *Articles of Organization*. The *Operating Agreement* dated May 8, 2006 lists the sole member as Jorge E. Noda (See the *Operating Agreement* attached hereto and incorporated by reference herein as "Exhibit 1"). The undated *Articles of Organization* list Juis Carlos Noda as the Resident Agent for NODA. (See the *Articles of Organization* attached hereto and incorporated by reference herein as "Exhibit 2").

3

the Debtors/Defendants Minh Vu Hoang and Thanh Hoang and their related and controlled entities into property now titled in the name of the Defendant Kelly. Specifically, the Debtor/Defendant Minh Vu Hoang has caused hundreds of thousands of dollars of monies controlled and owned by the Bankruptcy Estates herein to be utilized for the purchase of certain improved real property located at 6105 Reed Street, Hyattsville, Maryland 20785 (hereinafter "Reed Street"). Following the purchase of Reed Street, the Debtors/Defendants Minh Vu Hoang and Thanh Hoang, acting through their alter-ago Pool General Partnership, diverted over $140,000.00 of proceeds from the sale thereof to be utilized for the purchase of certain improved real property located at 16341 Woodville Road, Brandywine, Maryland 20613 (hereinafter "Woodville").

12. The Debtor/Defendant Minh Vu Hoang, acting through her alter-ego Marbella General Partnership (hereinafter "Marbella"), subsequently transferred record title of Woodville to Defendant Kelly for no consideration. Moreover, in a transparent attempt to disguise her interest in said property, the Debtor/Defendant Minh Vu Hoang has fraudulently encumbered Woodville with two purported purchase money deeds of trust which shall prove to be shams.[2]

**The Purchase of Woodville**

11. On or about February 1, 2005, Ronda S. Azzam, Robert Frazier, and Daniel J. Pesachowitz, Substitute Trustees, employed by or associated with the law firm of Samuel I. White, P.C., (hereinafter collectively referred to as "White") caused Woodville to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Charles County, Maryland and captioned as *Randa S. Azzam, et*

---

[2] Your Trustees investigation has not uncovered any Partnership Agreement for Marbella.

4

*al, Substitute Trustees, Plaintiffs v. Jay Bertram McMahon, et al, Defendants* (Case No. 08-C-04-002583 in the Circuit Court for Charles County, Maryland).

12. At the sale conducted as aforesaid, Marbela, represented by Alex Le, was the successful bidder for Woodville with a high bid of $143,000.00.[3] See *Memorandum of Purchase at Public Auction* dated February 1, 2005 attached hereto and incorporated by reference herein as "Exhibit 3."

13. Marbella, acting through Alex Le, tendered a deposit unto White in the aggregate amount of $5,000.00. Said deposit tendered by Marbella for Woodville was comprised of currency in the amount of $5,000.00 (the "Woodville Deposit Instrument"). See copy of the Woodville Deposit Instrument attached hereto and incorporated by reference herein as "Exhibit 4."

14. Examination of the Woodville Deposit Instrument reveals that the same is cash in the amount of $5,000.00. At the present time, and in the absence of discovery and compulsory process, your Plaintiff/Trustee is unable to provide any documentation or information concerning the provenance of said funds.

15. Upon information and belief, your Plaintiff/Trustee avers that all of the monies represented by the Woodville Deposit Instrument will prove to be property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by the Woodville Deposit Instrument will prove to be the property of the Defendants herein. Nonetheless, the Woodville Deposit Instrument was applied in its entirety towards the purchase of Woodville.

---

[3] Your Plaintiff/Trustee notes that Alex Le is the known agent and confederate of the Debtor Minh Vu Hoang in the conduct of her business affairs and those of various Vu family entities. Upon information and belief, the said Alex Le fled from the United States while under investigation and now is believed to be living in Vietnam.

5

**Closing on the Purchase of Woodville**

16. Closing ultimately was concluded on said sale on or about May 3, 2005 as appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 5."

17. The Debtor Minh Vu Hoang, acting through Marbella, tendered unto White settlement proceeds in the amount of $140,028.20. Said sum was tendered unto White in the form of ABC Standard Settlements, Inc. RETA Check No. 001665 in the amount of $141,028.20 dated May 3, 2005 payable to "Samuel I. White, P.C." (hereinafter the "Woodville Settlement Instrument"). A copy of the Woodville Settlement Instrument is attached hereto and incorporated by reference herein as "Exhibit 6."

18. As shall be hereinafter described, all of the monies evidenced by the Woodville Settlement Instrument and the proceeds thereof are property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by the Woodville Settlement Instrument are property of the Defendants herein. Nonetheless, the Woodville Settlement Instrument was applied in its entirety towards the purchase of Woodville.

**The Sale of Reed Street**

19. On May 3, 2005 the Debtor Minh Vu Hoang acting through her alter-ego Pool General Partnership (hereinafter "Pool") directed ABC Standard Settlements, Inc. (hereinafter "ABC") to pay a check in the amount of $141,028.20, representing part of the proceeds of the sale of Reed Street, to White. See copy of the Reed Street Disbursement Statement attached hereto and incorporated herein as "Exhibit 7".

20. The ABC check described in the immediately preceding paragraph represents part of the proceeds from the sale of Reed Street as appears by reference to that *HUD-1*

*Settlement Statement* prepared by ABC and dated May 2, 2005. A copy of said *HUD-1 Settlement Statement* is attached hereto and incorporated by reference herein as "Exhibit 8." Review of that *HUD-1 Settlement Statement* reveals that the above mentioned Pool is the seller and that said *HUD*-1 was signed on behalf of seller by the Debtor/Defendant Minh Vu Hoang.

21. Pool is a Maryland general partnership whose sole partners prior to commencement of these cases were the Debtors/Defendants Minh Vu Hoang and Thanh Hoang.[4] In his capacity as Trustee, your Plaintiff/Trustee, Gary A. Rosen, has succeeded to the ownership of all of the partnership interests in Pool as formerly owned by the Debtors/Defendants Minh Vu Hoang and Thanh Hoang.

22. Patently, all of the sale proceeds of Reed Street are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. Further, all of the real property purchased with said proceeds is also manifestly property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.

**Post-Closing Activities Regarding Woodville**

23. Contemporaneously with closing, White tendered unto Marbella his *Trustee's Deed* in form and content sufficient to effect change of record title thereto in the Land

---

[4] Not surprisingly, the Trustee's investigation has unearthed five (5) separate and inconsistent versions of the Partnership Agreement for Pool. The first of those Agreements was provided to the Trustee by Craig A. Parker, Esquire, former title counsel to the Debtor/Defendants. That Agreement, which is undated, provides that the only partners of Pool are the Debtors/Defendants Minh Vu Hoang and Thanh Hoang. (See Partnership Agreement attached hereto and incorporated by reference herein as "Exhibit 9.") The other such Agreements, variously dated January 2, 2002, January 2, 2003, January 5, 2003, and August 31, 2003, provide that the partners of Pool are: Minh Vu Hoang and Thanh Hoang; Minh Vu Hoang, Thanh Hoang and Phong Hoang (as to a one percent interest); Van T. Vu and Minh Vu Hoang; and Hao Vu and Van T. Vu. (See Partnership Agreements attached hereto and incorporated by reference herein as "Exhibit 10, 11, 12 and 13," respectively). In any event, the Plaintiff/Trustee has succeeded to all of the partnership interests in Pool (except, arguably, the alleged one percent interest of Phong Hoang) by virtue of his direct title as the Trustee of the Debtors/Defendants Minh Vu Hoang and Thanh Hoang , or by virtue of that Assignment made by the said Van T. Vu and Hao Vu in connection with the settlement of the Trustee's *Motion for Substantive Consolidation* previously approved by this Court.

Records of Charles County, Maryland dated May 3, 2005 conveying Woodville unto Marbella.  See copy of said *Trustee's Deed* (hereinafter the "*Original Trustee's Deed*") attached hereto and incorporated by reference herein as "Exhibit 14."

24.  On or about August 9, 2007 (more than two years after execution of the *Original Trustee's Deed*) a *Second Trustee's Deed* (also dated May 3, 2005) was presented for recording among the Land Records of Charles County at Liber 06416, folio 0437.  See copy of said *Second Trustee's Deed* attached hereto and incorporated by reference herein as "Exhibit 15."

25.  The *Original Trustee's Deed* was provided to your Plaintiff/Trustee pursuant to a document request to White in the course of your Plaintiff/Trustee's investigation into the affairs of the Debtors herein.

26.  In the absence of discovery and compulsory process, your Plaintiff/Trustee is unable to provide any information concerning the provenance of said *Second Trustee's Deed.*

27.  A comparison of the two *Trustee's Deeds* reveals that the certificate of preparation has been altered.  The *Original Trustee's Deed* recites that the deed was prepared by Minh-Vu Hoang as "Managing Partner."  The *Second Trustee's Deed* recites that it was prepared by the Defendant Kelly as "General Partner" with instructions to return same to him after recordation.

28.  Contemporaneous with the recordation of the *Second Trustee's Deed*, a deed dated July 24, 2007 conveying title from Marbella to Defendant Kelly (hereinafter the "*Kelly Deed*") was recorded among the Land Records of Charles County at Liber 06416, folio 0441.  See a copy of the *Kelly Deed* attached hereto and incorporated by reference herein as "Exhibit 16."

29.  A close examination of the *Kelly Deed* reveals that the signatory for the Grantor Marbella is the Defendant Kelly in his alleged capacity of "General Partner." Moreover, the stated "consideration" of $143,000.00 is in the exact amount of the consideration in the *Original Trustee's Deed* some two years earlier.

30.  These irregularities concerning the two *Trustee's Deeds* and the *Kelly Deed*, considered together with the following described sham deeds of trust, make clear that the Defendant Kelly is, in this instance, a straw transferee with no *bona fide* interest in the Woodville property.

### The Sham Deeds of Trust

31.  Notwithstanding that the entire purchase price for Woodville was paid from funds belonging to the Bankruptcy Estates herein, the Debtor/Defendants Minh Vu Hoang and Thanh Hoang and the Defendant Kelly caused to be recorded among the Land Records of Charles County, Maryland a *Purchase Money Deed of Trust* (hereinafter the "*First Deed of Trust*") and a *Money Deed of Trust* [sic] (hereinafter the "*Second Deed of Trust*"); which said *Deeds of Trust* are recorded among the said Land Records at Liber 06416, folio 445 and Liber 06416, folio 450, respectively.  Copies of the *First Deed of Trust* and the *Second Deed of Trust* are attached hereto and incorporated by reference herein as "Exhibit 17" and "Exhibit 18," respectively.

32.  The *First Deed of Trust* recites that Woodville was purchased with the proceeds of an alleged $143,000.00 loan to Defendant Kelly from "PLT FUNDING SERVICES."

33. The *Second Deed of Trust* recites that Woodville was purchased with the proceeds of an alleged $78,000.00 loan to Defendant Kelly from "NODA, LLC, a Maryland LLC."

9

34. While the mere existence of these *Deeds of Trust* is remarkable in the context of a purchase which was effected without outside financing, the form and circumstances of said *Deeds of Trust* further belie their integrity.  In that regard, your Plaintiff/Trustee respectfully notes the following anomalies with respect to the same:

- The said *Deeds of Trust* purport to evidence purchase money financing extended on or about July 24, 2007, some two plus years after the foreclosure purchase of Woodville.

- Notwithstanding the requirements of Maryland Real Property Code § 7-109, neither *Deed of Trust* contains an *Affidavit of Disbursement*; which said *Affidavit* usually takes the form of a separate or more extensive Notary Public's acknowledgment expressly including those elements required by Maryland Real Property Code § 7-109.

- Once offered for record among the Land Records, legitimate mortgages and deeds of trust invariably provide mailing instructions requesting that the Clerk of the Circuit Court forward the original recorded instrument to the lender at the lender's business address.  Review of the said *Deeds of Trust* reveals that the instruction thereon directs their return to the alleged Borrower, the Defendant Kelly, at his stated address of 8511 Sidesaddle [sic] Court, Randallstown, Maryland 21133.

35. Upon information and belief, PLT Funding Services is a fictitious name and/or alter-ego employed by the Debtor/Defendants Minh Vu Hoang and Thanh Hoang to further their fraudulent obfuscation of their interests in Woodville and the ownership thereof.

10

36. Your Plaintiff/Trustee seeks the issuance by this Court of a declaration of ownership rights of the parties with respect to Woodville.

37. Your Plaintiff/Trustee seeks authority from this Court permitting your Plaintiff/Trustee *pendente lite* to take possession and control of Woodville and to manage said property including the rental of the same.  Further, your Trustee seeks authority from this Court to market and list Woodville for sale and further authorizing your Plaintiff/Trustee to consummate a sale of Woodville upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

38. Finally, in order to protect the interests of all parties, your Plaintiff/Trustee seeks an Order requiring the Plaintiff/Trustee hereafter to account for all income and expenses related to Woodville and requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

**Count I**
**(Declaratory Relief)**

39. The allegations contained in Paragraphs 1 through 38, *supra,* hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

40. The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Defendants Minh Vu Hoang, Thanh Hoang, Kelly and NODA with regard to the ownership and security interests of Woodville.

41. As set forth aforesaid, the circumstances under which the Defendant Kelly acquired title to Woodville render it inequitable for Defendant Kelly to continue to hold title against the interests of the Plaintiff/Trustee and the Estates.

42. Further, in light of the absence of any actual purchase money indebtedness

11

which possibly could have been secured by the two *Deeds of Trust* and in consideration of the numerous irregularities with regard to the form of same, both of the *Deeds of Trust* should be declared null and void and without legal force or effect.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. DECLARE that Woodville is the lawful property of the Plaintiff/Trustee and the Bankruptcy Estates herein.

2. IMPOSE a constructive trust upon Woodville for the exclusive benefit of the Plaintiff/Trustee and the Bankruptcy Estates herein.

3. DECLARE that Defendants Minh Vu Hoang, Thanh Hoang, Kelly and NODA are without any legal right, title or interest in Woodville.

4. DECLARE that the Trustee is entitled to all dominion and control over Woodville.

5. DECLARE that the *Deeds of Trust* are null and void and without legal force or effect.

6. DECLARE that the *Deeds of Trust* create neither a lien nor an encumbrance upon Woodville and that the Plaintiff/Trustee's ownership, dominion and control over Woodville is without diminution by virtue of said *Deeds of Trust*.

7. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count II
### (Turnover of Property to the Estate)

43. The allegations contained in Paragraphs 1 through 42, *supra,* hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

12

44.     The property known as Woodville is the property of the Estates as defined in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. § 363.  As such, Defendants Minh Vu Hoang, Thanh Hoang, Kelly and NODA are obliged and should be required to deliver control of Woodville to the Plaintiff/Trustee and account for Woodville (including, *inter alia,* all rental or other income derived therefrom since May 3, 2005) or the value thereof pursuant to 11 U.S.C § 542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.     ORDER that the Defendant Kelly, and all persons acting in concert with him, deliver and turnover to the Plaintiff/Trustee all of his right, title and interest in and to Woodville including, *inter alia*, the execution and delivery to the Plaintiff/Trustee of a good and sufficient Deed to Woodville in form and content sufficient to effect change of record title thereto among the Land Records of Charles County, Maryland.

2.     ORDER that the Defendants Minh Vu Hoang, Thanh Hoang and Kelly be required by a date certain to provide to the Plaintiff/Trustee and file herein a complete accounting of all income derived from February 1, 2005 to date for Woodville.

3.     AUTHORIZE and DIRECT Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage Woodville, including the rental thereof; subject to the obligation of the Plaintiff/Trustee to administratively segregate the funds derived from Woodville and to account for the same from time to time.

4.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count III
### (Sale Free and Clear)

45. The allegations contained in Paragraphs 1 through 44, *supra,* hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

46. Woodville constitutes property of the Estates.

47. The purported interests of the Defendants Minh Vu Hoang, Thanh Hoang, Kelly and NODA in Woodville are in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. § 363(f)(4).

48. Your Trustee desires to sell Woodville free of the interests of the Defendants herein.

49. Your Trustee proposes to market and sell Woodville through the utilization of the local multiple listing services of an agent to be approved by this Court. Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of Woodville as required by the provisions of 11 U.S.C. § 363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to sell Woodville free and clear of all interests of the Defendants with all such valid interests, if any, attaching to the net proceeds derived from the sale.

2. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list Woodville for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefore by the Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by

the Bankruptcy Code and Rules of Procedure.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

<table>
<tr><td>Dated:  8/4/09</td><td>Respectfully submitted,<br>GARY A. ROSEN, CHARTERED</td></tr>
</table>

By: _/s/ Gary A. Rosen_____
Gary A. Rosen
One Church Street, Suite 802
Rockville, Maryland 20850-4158
Telephone (301) 251-0202
grosen@covad.net


SCHLOSSBERG & ASSOCIATES


By: _/s/ Roger Schlossberg_____
Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, Maryland 21741-4227
Telephone (301) 739-8610

Attorneys for Trustee

15