IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| MINH VU HOANG | | |
| THANH HOANG | * | |
|    Debtors | | Bankruptcy No. 05-21078-TJC |
| | * | Bankruptcy No. 05-25738-TJC |
| | | |
| | * | Jointly Administered Under |
| | | Bankruptcy No. 05-21078-TJC |
| | * | |

\* \* \* \* \*

| | |
|---|---|
| GARY A. ROSEN, TRUSTEE | * |
| One Church Street, Suite 802 | |
| Rockville, Maryland 20850 | * |
| | |
|    vs. | * |
| | |
| JULIO CESAR PASCUAL | * |
| 13254 Wonderland Way | |
| Germantown, Maryland 20874 | * |
|    and | |
| MINH VU HOANG | * |
| t/a Fidelity Funding Group | |
| 9101 Clewerwall Drive | * |
| Bethesda, Maryland 20817 | |
|    and | * |
| THANH HOANG | |
| t/a Fidelity Funding Group | * |
| 9101 Clewerwall Drive | |
| Bethesda, Maryland 20817 | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT TO AVOID AND RECOVER POST-PETITION TRANSFER OF PROPERTY OF ESTATE, DECLARATORY RELIEF AND FOR SALE OF PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS**

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint to Avoid and Recover Post-Petition Transfer of Property*

*of Estate, Declaratory Relief and for Sale of Property Free and Clear of Claims and Interests,* respectfully states the following:

## Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334, 28 U.S.C. § 157 and U.S. District Court Local Rule No. 402. Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## Parties

2. On May 10, 2005, the Debtor/Defendant Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered. By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3. On July 12, 2005, the Debtor/Defendant Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4. By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein. By further Order entered August 31, 2005, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

2

6. By Order entered September 28, 2005 in both of the above cases, this Court Ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7. The Defendant Julio Cesar Pascual (hereinafter "Pascual") is an adult resident of the State of Maryland whose known residential address is set forth in the caption hereof.

8. The Defendant Minh Vu Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

9. The Defendant Thanh Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

## Facts Common to All Counts

### *Overview of Factual Background of Complaint*

10. As hereinafter detailed, the instant *Complaint* reviews the chicanery of the Debtor/Defendant Minh Vu Hoang, her confederates, business associates and related entities in the laundering and conversion of substantial property and monies belonging to the Debtor/Defendants Minh Vu Hoang and Thanh Hoang and their related and controlled entities into property purchased at public auction by Pool General Partnership ("hereinafter "Pool GP") and currently titled in the name of the Defendant Pascual. Specifically, during the pendency of the instant bankruptcy proceedings, the Debtor/Defendant Minh Vu Hoang has caused approximately two hundred thousand of dollars of monies controlled and owned by the Bankruptcy Estates herein to be utilized for the purchase of certain improved real property located at 13254 Wonderland Way, Germantown, Maryland 20874 (hereinafter "Wonderland Way").

11. Moreover, the Debtor/Defendant Minh Vu Hoang, in an apparent attempt to secrete assets of the Estates herein, has sought to disguise her interest in said property by:

3

first, fraudulently encumbering Wonderland Way with a purported purchase money deed of trust which is a sham; and second, facilitating a transfer of Wonderland Way to the Defendant Pascual for less than fair value and for no consideration.

### The Purchase of Wonderland Way

12. On or about August 20, 2004, James W. Salter, III, Trustee, employed by or associated with the law firm of Tomes & Salter (hereinafter individually and collectively referred to as "Salter") caused Wonderland Way to be sold at public auction sale, subject to a first Deed of Trust, in connection with those foreclosure proceedings then pending in the Circuit Court for Montgomery County, Maryland and captioned as *James F. Lazear, et ux., Plaintiffs v. Tangerine Levy, et al., Defendants* (Civil Action No. 240936V in the Circuit Court for Montgomery County, Maryland).

13. At the sale conducted as aforesaid, Pool GP, represented by the Debtor/Defendant Minh Vu Hoang in the capacity of General Partner, was the successful bidder for Wonderland Way with a high bid of $189,000.00. See *Affidavit of Foreclosure Sale Purchaser,* attached hereto and incorporated by reference herein as "Exhibit 1."

14. As set forth in the *Advertisement of Sale* for Wonderland Way (attached hereto and incorporated by reference herein as "Exhibit 2"), the deposit required to be paid by the successful purchaser was in the amount of $5,000.00. Pool GP, acting through the Debtor/Defendant Minh Vu Hoang, tendered a deposit unto Salter in the aggregate amount of $5,000.00, the required deposit. (See Exhibit 2)

15. Said deposit tendered by Pool GP was in an unknown form. At the present time, and in the absence of discovery and compulsory process, your Plaintiff/Trustee is unable to provide any documentation or information concerning the provenance of said funds.

16.  Upon information and belief, your Plaintiff/Trustee avers that all of the monies represented by the $5,000.00 tendered to Salter will prove to be property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by the $5,000.00 will prove to be the property of the Defendants herein.  Nonetheless, the $5,000.00 was applied in its entirety towards the purchase of Wonderland Way.

### Closing on the Purchase of Wonderland Way

17.  Closing ultimately was concluded on said sale on or about November 16, 2004 as appears by reference to that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 3."

18.  An examination of that *HUD-1 Settlement Statement* reveals that the cash due to seller was $106,528.48.  (See line 603 of said *HUD-1 Settlement Statement* in Exhibit 3).

19.  The Debtor/Defendant Minh Vu Hoang, acting through Pool GP, tendered unto Salter said settlement proceeds in the form of a Bank of America Wire dated September 15, 2005 in the amount of $106,528.48 with the beneficiary of "James W. Salter, III" (the "Wonderland Way Settlement Wire").  A copy of the *Funds Transfer Request and Authorization* is attached hereto and incorporated by reference herein as "Exhibit 4."

20.  Examination of the said *Funds Transfer Request and Authorization* reveals that the account debited was the Bank of America Pacific Rim General Partnership Acct No. 4784 (hereinafter the "Pacific Rim Acct No. 4784").[1]

21.  On or about April 22, 2004, Van Thanh Vu and Hao Vu caused the Pacific

---

[1] Pursuant to Bankruptcy Rule 9037 (a)(4), your Plaintiff/Trustee has redacted all identifying numbers for financial accounts referred to herein.

5

Rim Acct No. 4784 to be opened as appears by reference to the *Partnership Signature Card* attached hereto and incorporated by reference herein as "Exhibit 5." The said Van Thanh Vu and Hao Vu were the sole signatories on the account.

22. The said Pacific Rim General Partnership (hereinafter "Pacific Rim") is a Maryland general partnership whose partners prior to commencement of these cases were the siblings of the Debtor Minh Vu Hoang, Van T. Vu and Hao Q. Vu. The Plaintiff/Trustee has succeeded to all of the partnership interests in Pacific Rim which had been owned by the said Van T. Vu and Hao Q. Vu by virtue of that assignment made by them in connection with the settlement of the *Trustee's Motion for Substantive Consolidation* heretofore approved by this Court in the Minh Case, the Thanh Case and the related cases of Van T. Vu (Case No. 05-26521) and Hao Q. Vu (Case No. 05-26765).

23. All of the monies evidenced by the Wonderland Way Settlement Wire were the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by the Wonderland Way Settlement Wire were the property of the Defendants herein. Nonetheless, the said funds were applied in their entirety toward the purchase of Wonderland Way.

### *Payoff of the Deed of Trust*

24. Pool GP purchased Wonderland Way subject to a *Refinance Deed of Trust* dated March 24, 1994 and recorded among the Land Records of Montgomery County, Maryland at Liber 12478, folio 385.[2] See copy of said *Refinance Deed of Trust* attached hereto and incorporated by reference herein as "Exhibit 6."

---

[2] Upon information and belief the *Refinance Deed of Trust* originally to the benefit of James Madison Mortgage Company was assigned multiple times and eventually assigned to the benefit of Washington Mutual Bank, FA.

6

25. On or about January 28, 2005 Pool GP tendered to Salter SunTrust Bank Wire dated January 28, 2005 in the amount of $79,446.63 with the beneficiary as "Washington Mutual Bank Account Number 0950151367" (hereinafter the "Payoff Wire") to pay the outstanding balance on the first *Refinance Deed of Trust*. See copy of the *Funds Transfer Authorization* attached hereto and incorporated by reference herein as "Exhibit 7." The funds utilized for the Payoff Wire were drawn from a Lamberton Limited Partnership SunTrust Account No. 5913, (hereinafter the "Lamberton Acct No. 5913").

26. On October 22, 2004, the said Debtors/Defendants Minh Vu Hoang and Thanh Hoang caused to be opened at SunTrust Bank the Lamberton Acct No. 5913 in the name of Lamberton Limited Partnership (hereinafter "Lamberton"). As appears by reference to the *Business Account Signature Card* attached hereto and incorporated by reference herein as "Exhibit 8," the said Debtor/Defendants Minh Vu Hoang and Thanh Hoang were the sole signatories on said account.

27. As evidenced by the *Account Statement* for Lamberton Acct No. 5913 (hereinafter the "*Lamberton Statement*") from January 1, 2005 through January 31, 2005, a wire dated January 28, 2005 was drawn from the Lamberton Acct No. 5913 in the amount of $79,446.63. See copy of the *Lamberton Statement* attached hereto and incorporated by reference herein as "Exhibit 9."

28. Lamberton is a Maryland limited partnership with regard to which the Debtor/Defendant Minh Vu Hoang apparently caused multiple and contradictory organic documents to be prepared. Nonetheless, the only persons with an ownership interest in Lamberton under any of said documents are Minh Vu Hoang, Thanh Hoang, Van T. Vu and Hao Q. Vu. As the Court is aware, your Plaintiff Gary A. Rosen, Trustee has

7

succeeded to the ownership interests of the said Van T. Vu and Hao Q. Vu by virtue of those *Settlement Agreements* previously approved by this Court in connection with resolution of the separate bankruptcy proceedings of Hao Q. Vu and Van T. Vu. Accordingly, your Plaintiff Gary A. Rosen, Trustee is vested with 100% of the title to Lamberton which is exercisable by the Trustee for the benefit of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.

29.  Your Plaintiff/Trustee's investigation has learned that from the inception of the Lamberton Acct No. 5913 through January 28, 2005, the said account was funded exclusively with assets of the Bankruptcy Estates of Minh Vu and Thanh Hoang.  Your Plaintiff/Trustee avers, and is prepared to offer proof upon a strict demand thereof, that all of the funds used to purchase the Payoff Wire and the proceeds thereof are property of the Bankruptcy Estates herein.

*Post-Closing Activities Regarding Wonderland Way*

30.  Upon information and belief, contemporaneously with closing, Salter furnished a *Trustee's Deed,* dated November 22, 2004 conveying Wonderland Way to Pool GP, in form and content sufficient to effect change of record title thereto in the Land Records of Montgomery County, Maryland.

31.  Despite having received said *Trustee's Deed* dated November 22, 2004, Defendant Pool failed to cause the same to be recorded.  Upon information and belief, said *Trustee's Deed* was lost or misplaced.  Thereafter, Salter executed a second *Trustee's Deed* dated July 19, 2005 which was presented for recording on April 11, 2006 and recorded among the Land Records of Montgomery County at Liber 32130, folio 432. See copy of said second *Trustee's Deed* attached hereto and incorporated by reference herein as "Exhibit 10."

32. Contemporaneous with recording the second *Trustee's Deed* dated July 19, 2005 as just described, the Debtor/Defendant Minh Vu Hoang caused also presented for recording a *Deed* conveying Wonderland Way from Pool GP to Danang, LLC (hereinafter "Danang"). [3] Said *Deed*, a copy of which is attached hereto and incorporated by reference herein as "Exhibit 11," was recorded among the Land Records of Montgomery County at Liber 32130, folio 436.[4]

### The Sham Deed of Trust

33. Notwithstanding that the entire purchase price for Wonderland Way was paid from funds belonging to the Bankruptcy Estates herein, the Debtors/Defendants Minh Vu Hoang and Thanh Hoang caused to be recorded among the Land Records of Montgomery County, Maryland a *Purchase Money Deed of Trust* (hereinafter the *"Deed of Trust"*).

34. Said *Deed of Trust* is recorded among the said Land Records at Liber 32130, folio 440. A copy of the *Deed of Trust* is attached hereto and incorporated by reference herein as "Exhibit 12."[5] Said *Deed of Trust* recites that Wonderland Way was purchased with the proceeds of an alleged $189,000.00 loan to Danang from Fidelity Funding Group.[6]

---

[3] Danang is a known alter-ego utilized by the Debtor/Defendant Minh Vu Hoang and Hai Duc Ngo. Hai Duc Ngo is the former spouse of Van T. Vu, the sister of the Debtor/Defendant Minh Vu Hoang. Upon information and belief, since the date of his estrangement and ultimate divorce from Van T. Vu in May 1991, Hai Duc Ngo continued to actively participate with his former spouse and with his former sister and brother-in-law (the Debtors/Defendants herein) in the operation of the Hoang Family Enterprise.

[4] Your Plaintiff/Trustee notes that the signatory conveying Wonderland Way on behalf of Pool GP was the Debtor/Defendant Minh Vu Hoang.

[5] Your Plaintiff/Trustee notes that although the purported Deed of Trust was executed on January 28, 2005, the notary is dated February 22, 2006.

[6] Your Plaintiff/Trustee submits that Fidelity Funding Group is another example of a fictitious entity that is nothing more than an alter-ego of the Debtor/Defendant Minh Vu Hoang. A search of the database of registered organizations of the Maryland Department of Assessments and Taxation reveals no such related registration. Searches of business locators/yellow pages available on-line return no results for Fidelity Funding Group. Your Plaintiff/Trustee's investigation has not unearthed any documents concerning the organization or formation of Fidelity Funding Group excepting a document purported to authenticate Danang's credit worthiness. The said document was prepared by the Debtor/Defendant Minh Vu Hoang as "Branch Manager" for Fidelity Funding Group. A copy of the said document is attached hereto and

9

35. While the mere existence of this *Deed of Trust* is remarkable in the context of a purchase which manifestly was effected without outside financing, the form and circumstances of said *Deed of Trust* further belies its integrity. In that regard, your Plaintiff/Trustee respectfully notes the following anomalies with respect to the same:

- Although the *Deed of Trust* was purportedly executed on January 28, 2005, it was not filed among the Land Records for Montgomery County, Maryland until April 11, 2006. No reasonably prudent legitimate lender would leave its secured position exposed in this manner for more than a year. Moreover, Danang did not take record title to Wonderland Way until March 8, 2006, well after the *Deed of Trust* was allegedly executed.

- Notwithstanding the requirements of Maryland Real Property Code § 7-109, neither *Deed of Trust* contains an *Affidavit of Disbursement*; which said *Affidavit* usually takes the form of a separate or more extensive Notary Public's acknowledgment expressly including those elements required by Maryland Real Property Code § 7-109.

- Once offered for record among the Land Records on April 11, 2006, some year plus from its inception, legitimate mortgages and deeds of trust provides mailing instructions requesting that the Clerk of the Circuit Court forward the original recorded instrument to the lender at the lender's business address. Review of the said *Deed of Trust* reveals that the instruction thereon directs the return to the alleged Borrower, Danang, at its stated address of PO Box 15328, Alexandria, VA 22309.

---

incorporated by reference herein as "Exhibit 13." Your Plaintiff/Trustee notes that the address shown for Fidelity Funding Group is known to be associated with no less than seven (7) other entities owned or controlled by the Debtor/Defendant Minh Vu Hoang.

**Deed to Defendant Pascual**

36. On August 15, 2007 Wonderland Way was conveyed to the Defendant Pascual as appears by reference to that *Deed* recorded among the Land Records of Montgomery County, Maryland at Liber 34726, folio 488. See a copy of the *Deed* and *Land Instrument Intake Sheet* attached hereto and collectively incorporated by reference herein as "Exhibit 14."

37. Examination of the said *Deed* reveals that the recited consideration is in the amount of $200,000.00. Examination of the *Land Instrument Intake Sheet* reveals that no new mortgage was issued upon said transaction.

38. In the absence of discovery and compulsory process, your Plaintiff/Trustee presumes that the existing mortgage referenced in the said *Land Instrument Intake Sheet* is one and the same as the sham *Deed of Trust* just described. (See *Exhibit 12*)

39. A search of the Land Records for Montgomery County, Maryland reveals that no new deed of trust has been recorded in favor of Fidelity Funding Group. Danang, consequently, remains liable of record on the sham *Deed of Trust* while Defendant Pascual holds record title.

40. Upon information and belief, the said Defendant Pascual is no more than a "straw" title holder in the never ending attempts of the Debtors/Defendants to obscure assets of the Bankruptcy Estates to frustrate your Plaintiff/Trustee in the administration thereof.

41. As can be seen by reference to that *Individual Condominium Unit Appraisal Report* dated May 25, 2006, the appraised value for Wonderland Way at that time was $285,000.00. See copy of said *Individual Condominium Unit Appraisal Report* attached hereto and incorporated by reference herein as "Exhibit 15."

42.  Notwithstanding that there is considerable doubt as to whether Defendant Pascual paid *any* consideration for Wonderland Way, the recited consideration of $200,000.00 is clearly and substantially below the market value for the property at that time.

43.  Your Plaintiff/Trustee seeks the issuance by this Court of a declaration of the ownership rights of the parties with respect to Wonderland Way.

44.  Your Plaintiff/Trustee seeks authority from this Court permitting your Plaintiff/Trustee *pendente lite* to take possession and control of Wonderland Way and to manage said property including the rental of the same.  Further, your Plaintiff/Trustee seeks authority from this Court to market and list Wonderland Way for sale and further authorizing your Plaintiff/Trustee to consummate a sale of Wonderland Way upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

45.  Finally, in order to protect the interests of all parties, your Plaintiff/Trustee seeks an Order requiring the Plaintiff/Trustee hereafter to account for all income and expenses related to Wonderland Way and requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

### C o u n t  I
### Avoidance of Post-Petition Transfer of Property of Estate
### (11 U.S.C. §549)

46.  The allegations contained in Paragraphs 1 through 45, *supra,* hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

47.  Wonderland Way is property of the Bankruptcy Estates of the Debtors/Defendants Minh Vu Hoang and Thanh Hoang.

48. The transfer of Wonderland Way from Danang to Defendant Pascual occurred after the commencement of the bankruptcy cases of the Debtors herein.

49. The transfer of Wonderland Way from Danang to the Defendant Pascual was not –

(a) authorized under 11 U.S.C. §303(f) or 11 U.S.C. §542(c); and

(b) was not authorized under the provisions of 11 U.S.C. §101 *et seq* nor by Order of this Court. *See* 11 U.S.C. §549(a).

50. Defendant Pascual was not a good-faith purchaser of Wonderland Way.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. AVOID the transfer of Wonderland Way from Danang to the Defendant Pascual.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### C o u n t   I I
### Recovery of Avoided Transfer
### (11 U.S.C. §550)

51. The allegations contained in Paragraphs 1 through 50, *supra,* hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

52. Pursuant to the provisions of 11 U.S.C. §550(a)(1), your Plaintiff/Trustee may recover Wonderland Way for the benefit of the Bankruptcy Estates herein, or if the Court so orders, the value of Wonderland Way.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER that the Defendant Pascual execute and deliver unto the Plaintiff/Trustee a Deed in good and sufficient form to effect transfer upon the Land Records of Montgomery County, Maryland of the title to Wonderland Way from the Defendant Pascual to your Plaintiff/Trustee.

2. ORDER that the Defendant Pascual pay unto the Plaintiff/Trustee a sum equal to the reasonable rental value of Wonderland Way calculated from August 11, 2007 to date, together with interest accruing thereon, together with costs of suit.

3. ORDER that the Defendant Pascual pay unto the Plaintiff/Trustee those reasonable attorney's fees incurred by your Plaintiff/Trustee in the investigation and prosecution of the instant cause of action.

4. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count III
### (Declaratory Relief)

53. The allegations contained in Paragraphs 1 through 52, *supra,* hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

54. The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Debtors/Defendants Minh Vu Hoang, Thanh Hoang, and the Defendant Pascual with regard to the ownership and security interests of Wonderland Way.

55. As set forth aforesaid, the circumstances under which the Defendant Pascual acquired title to Wonderland Way renders it inequitable for Defendant Pascual to continue to hold title against the interests of the Plaintiff/Trustee and the Estates.

56. Further, in light of the absence of any actual purchase money indebtedness which possibly could have been secured by the *Deed of Trust* and in consideration of the numerous irregularities with regard to the form of same, the *Deed of Trust* should be declared null and void and without legal force or effect.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. DECLARE that Wonderland Way is the lawful property of the Plaintiff/Trustee and the Bankruptcy Estates herein.

2. IMPOSE a constructive trust upon Wonderland Way for the exclusive benefit of the Plaintiff/Trustee and the Bankruptcy Estates herein.

3. DECLARE that Defendants Minh Vu Hoang, Thanh Hoang, and Pascual are without any legal right, title or interest in Wonderland Way.

4. DECLARE that the Trustee is entitled to all dominion and control over Wonderland Way.

5. DECLARE that the *Deed of Trust* is null and void and without legal force or effect.

6. DECLARE that the *Deed of Trust* creates neither a lien nor an encumbrance upon Wonderland Way and that the Plaintiff/Trustee's ownership, dominion and control over Wonderland Way is without diminution by virtue of said *Deed of Trust*.

7. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count IV
## (Sale Free and Clear)

57. The allegations contained in Paragraphs 1 through 56, *supra,* hereby are incorporated by reference in the body of this Count IV as if fully set forth herein.

58. Wonderland Way constitutes property of the Estates.

59. The purported interests of the Defendants Minh Vu Hoang, Thanh Hoang, and Pascual in Wonderland Way are in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. § 363(f)(4).

60. Your Trustee desires to sell Wonderland Way free of the interests of the Defendants herein.

61. Your Trustee proposes to market and sell Wonderland Way through the utilization of the local multiple listing services of an agent to be approved by this Court. Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of Wonderland Way as required by the provisions of 11 U.S.C. § 363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to sell Wonderland Way free and clear of all interests of the Defendants with all such valid interests, if any, attaching to the net proceeds derived from the sale.

2. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list Wonderland Way for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefore by the Plaintiff/Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as

provided by the Bankruptcy Code and Rules of Procedure.

3.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Dated:   9/1/09

Respectfully submitted,
GARY A. ROSEN, CHARTERED

By:___*/s/ Gary A. Rosen*_____
Gary A. Rosen
One Church Street, Suite 802
Rockville, Maryland 20850-4158
Telephone (301) 251-0202
grosen@covad.net

SCHLOSSBERG & ASSOCIATES

By:___*/s/ Roger Schlossberg*_____
Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, Maryland 21741-4227
Telephone (301) 739-8610

Attorneys for Trustee